JOURNAL ENTRY AND OPINION
{¶ 1} Defendants-appellants Nationwide Insurance Co. ("Nationwide") and Kenneth LeMonte ("LeMonte") appeal from the trial court's judgment that denied their motion for summary judgment and granted plaintiff-appellant Barbara Ryan, aka Barbara Finnerty's ("Ryan"), motion for summary judgment. The trial court found that Ryan was entitled to underinsured motorist coverage and medical payment coverage from Nationwide. For the following reasons, we affirm.
 {¶ 2} In 1999, Ryan lived with Michael Finnerty. Finnerty owned two cars and a house. Ryan contacted LeMonte to purchase insurance for the home and vehicles. Nationwide issued separate policies of insurance for each vehicle. Nationwide Policy No. 399-206 (the "Policy") insured a Buick Regal titled in Finnerty's name. The Buick Regal was totaled on February 23, 2000, as a result of an accident. Ryan drove the Buick Regal and purchased a 1996 Ford Escort to replace it. The Ford Escort was titled in Ryan's name.
 {¶ 3} Ryan notified LeMonte of the accident and that she needed insurance for the Escort. Ryan testified at her deposition that she told LeMonte that the Escort was titled in her name. The Policy identifies the rated driver as an adult female who uses the vehicle for "weekly commute." However, the named insured under the Policy is Michael Finnerty.
 {¶ 4} On April 25, 2000, Ryan was a passenger in her sister's car, which was involved in an accident. Ryan sustained injuries as a result of this accident. Ryan entered a settlement with her sister's insurance company and then proceeded to file a claim for underinsured motorist coverage from Nationwide. Nationwide denied her claim because she was not the named insured under the Policy. This lawsuit followed.
 {¶ 5} Both defendants and Ryan moved for summary judgment. Ryan maintained that she was entitled to judgment as a matter of law because she, as the titled owner of the car, had the insurable interest. The trial court agreed and found that "defendants could not have provided insurance to any one other than (sic) plaintiff. A person taking out a policy must have an insurable interest in the subject matter of insurance. See Philips [sic] v. Cincinnati Insurance (1979),398 N.E.2d 564." R. 59.
 {¶ 6} Defendants appeal, assigning the following two errors for our review, which we will address together:
 {¶ 7} "I. The trial court erred when it granted plaintiff-appellee's motion for summary judgment and denied the motion for summary judgment of defendants-appellants, Nationwide Insurance Co. and Kenneth LeMonte.
 {¶ 8} "II. The trial court erred when it found that plaintiff-appellee advised the Nationwide agent (Kenneth LeMonte) that the vehicle was titled in her name when Mr. LeMonte testified in deposition that they did not discuss who owned the vehicle and Ms. Ryan testified that she could not recall discussing the issue of ownership."
 {¶ 9} The dispute among the parties is whether Ryan should be treated as a named insured under the Policy. If so, there is no real dispute that the Policy would entitle her to underinsured motorist coverage and medical payment coverage. We have focused our review accordingly.
 {¶ 10} We employ a de novo review in determining whether summary judgment was warranted. Grafton v. Ohio Edison Co., 77 Ohio St.3d 102, 105,1996-Ohio-336; Zemcik v. La Pine Truck Sales Equipment (1998),124 Ohio App.3d 581, 585.[1]
 {¶ 11} Ryan argues, and the trial court found, that she had the only insurable interest in the vehicle. "It is a universal rule of insurance law that a person taking out a policy must have an insurable interest in the subject matter of the insurance." Phillips v. Cincinnati Ins. Co.
(1979), 60 Ohio St.3d 180. "`A person has an insurable interest in property whenever he would profit by or gain some advantage by its continued existence and suffer some loss or disadvantage by its destruction.'" Id., quoting 3 Couch on Insurance 2d 86, Section 24:13.
 {¶ 12} There is no dispute that the named insured under the Policy, Michael Finnerty, was not the owner of the Escort. Likewise, no one disputes that Ryan was the titled owner of the insured vehicle. The evidence in the record clearly establishes that Ryan secured the insurance for the vehicle; that LeMonte knew she drove the Escort; and that Ryan paid the premiums for the Policy. That LeMonte does not recall Ryan specifically telling him she was the title owner of the automobile is irrelevant.
 {¶ 13} Courts may reform insurance policies where a mutual mistake in the policy is established by clear and convincing evidence. Snedegar v.Midwestern Idemnity Co. (1988), 44 Ohio App.3d 64, 69, citing Shearv. West American Ins. Co. (1984), 11 Ohio St.3d 162. "A contract of insurance may also be reformed or rescinded; however, where a unilateral mistake affects the insurance policy to such an extent that the contract is not `a correct integration of the agreement of the parties,' reformation is a proper remedy." Id., quoting Ohio Farmers Ins. Co. v.Clinton Cty. Natl. Bank Trust Co. (1964), 8 Ohio Misc. 226 (holding that "where one party believes the writing correctly integrates the agreement and the other knows it does not, reformation may be a proper remedy, even though the mistake of writing the contract was not a mutual one").
 {¶ 14} Reformation of an insurance contract has also been allowed where it is shown that "the unilateral mistake was made with the knowledge, or due to the negligence or inadvertence of, the insurance agent or insurer." Id., citing Dixie Auto Ins. Co. v. Safeco Ins. Co. ofAmerica (1974) 292 Ala. 358 (wherein court reformed policy to include son as named insured despite insurer's intention that only mother be the named insured because the insurer knew that the son drove the car one hundred percent of the time).
 {¶ 15} The Policy itself reflects Ryan as the rated driver. It is undisputed that LeMonte knew the insured vehicle was Ryan's car. Finally, Ryan was the titled owner of the insured vehicle despite Nationwide's alleged ignorance of this fact. Reasonable minds could only conclude that Ryan was not included as a named insured in the Policy due to the negligence or inadvertence of the insurance agent or the insurer. Therefore, we find the trial court properly reformed the Policy to include Ryan as a named insured and properly entered judgment in her favor.
Judgment affirmed.
It is ordered that appellee recover of appellants her costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Court of Common Pleas to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Blackmon, A.J., Concurs. Cooney, J., concurs in Judgment Only.(See attached concurring opinion).
[1] Summary judgment is appropriate where: "(1) there is no genuine issue of material fact, (2) the moving party is entitled to judgment as a matter of law, and (3) reasonable minds can come to but one conclusion and that conclusion is adverse to the nonmoving party, said party being entitled to have the evidence construed most strongly in his favor.Horton v. Harwick Chem. Corp. (1995), 73 Ohio St.3d 679, 653, N.E.2d 1196, paragraph three of the syllabus. The party moving for summary judgment bears the burden of showing that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law.Dresher v. Burt (1996), 75 Ohio St.3d 280, 292-293, 662 N.E.2d 264,273-274." Zivich v. Mentor Soccer Club, 82 Ohio St.3d 367, 369-70,1998-Ohio-389.