[Cite as *LG Mayfield, L.L.C. v. U.S. Liab. Ins. Group*, 2017-Ohio-1203.]

**IN THE COURT OF APPEALS**

**ELEVENTH APPELLATE DISTRICT**

**GEAUGA COUNTY, OHIO**

| | | |
|---|---|---|
| LG MAYFIELD LLC, | : | **O P I N I O N** |
| Plaintiff-Appellant, | : | |
| | | **CASE NO.  2016-G-0058** |
| - vs - | : | |
| UNITED STATES LIABILITY | : | |
| INSURANCE GROUP, et al., | | |
| | : | |
| Defendants-Appellees. | | |
| | : | |

Civil Appeal from the Geauga County Court of Common Pleas, Case No. 15 P 000249.

Judgment: Affirmed in part, reversed in part, and remanded.

*Mary Jane Trapp,* Thrasher, Dinsmore & Dolan, L.P.A., 1400 West Sixth Street, Suite 400, Cleveland, OH  44113-1305 (For Plaintiff-Appellant).

*Susan S.R. Petro* and *Richard A. Williams,* Williams & Schoenberger Co., L.L.C., 338 South High Street, Second Floor, Columbus, OH  43215 (For Defendant-Appellee, United States Liability Insurance Group).

*Ramon C. Freudiger* and *David J. Oberly,* Marshall Dennehey Warner Coleman & Goggin, 312 Elm Street, Suite 1850, Cincinnati, OH  45202 (For Defendants-Appellees, IHT Insurance Agency Group LLC and Eisner Insurance LLC).

CYNTHIA WESTCOTT RICE, P.J.

{¶1}   Appellant, LG Mayfield LLC ("Mayfield"), appeals from the order of summary judgment entered by the Geauga County Court of Common Pleas in favor of appellees, IHT Insurance Agency Group LLC ("IHT"), Eisner Insurance LLC ("Eisner"), and United States Liability Insurance Group ("USLI"). The following issues are before

the court: (1) whether Mayfield properly complied with Civ.R. 56(F) when it moved for a continuance in order to obtain additional discovery for purposes of responding to IHT's and Eisner's motion for summary judgment; (2) whether the trial court erred when it granted IHT and Eisner summary judgment without affording Mayfield additional time to oppose IHT's motion for summary judgment; and (3) whether the trial court erred in concluding summary judgment was properly entered in each appellee's favor. We affirm in part, reverse in part, and remand the matter for further proceedings.

{¶2} In February 2014, Eric Eisner ("Mr. Eisner") the sole owner and operator of Eisner, assisted Mayfield in applying for and procuring general liability and property damage insurance from USLI; Mr. Eisner is also an agent and producer for IHT. The policy was obtained to cover Mayfield's start-up restaurant, Oak & Embers Tavern ("Oak & Embers"). Mr. Eisner met with Gretchen Garofoli ("Mrs. Garofoli"), Oak & Embers principal, to review the application and coverages. After the policy was issued, Mr. Eisner provided a copy to Mrs. Garofoli; neither she nor her husband and agent Marc Garofoli ("Mr. Garofoli") read the policy after it was issued. On June 27, 2014, a fire damaged the restaurant. After the fire, Mr. Eisner advised the Garofolis that the policy included business interruption coverage. The policy, however, did not include such coverage.

{¶3} In March 2015, Mayfield filed suit against various parties, including appellees IHT, Eisner, and USLI for allegedly failing to obtain business interruption coverage for Oak & Embers, as part of the insurance contract it purchased from USLI.

{¶4} On August 24, 2015, USLI moved for summary judgment. Mayfield opposed the motion, appending the affidavit of Christopher McCauly, the manager of Oak & Embers, to the memorandum. Factual statements, other than those supported

2

by McCauly's affidavit, remained unsupported. In its memorandum, Mayfield noted "[t]he transcripts of the depositions * * * are not yet available. The testimony citations will be provided as soon as the deposition transcripts are available."

{¶5} Discovery proceeded and, on August 25, 2015, the trial court issued a standard pretrial order, which established a discovery cutoff date of January 25, 2016.

{¶6} On December 7, 2015, IHT and Eisner filed their joint motion for summary judgment. On December 28, 2015, Mayfield filed a "Motion for Extension of Time to Respond to Summary Judgment Motion of IHT Insurance Agency Group LLC and Eisner Insurance LLC." In its motion, Mayfield asserted it "is engaged in good faith efforts to obtain particular documents from Defendants that Defendants have thus far withheld, without providing a privilege log or any other official affirmation that the documents are not discoverable. If Defendants remain unwilling to produce the requested documents, Plaintiff intend[s] to file a motion to compel their production."

{¶7} IHT and Eisner subsequently filed a memorandum in opposition to Mayfield's motion in which they argued the motion should be denied because: (1) it failed to seek a continuance pursuant to Civ.R. 56(F), the rule governing extensions of time for obtaining additional discovery to oppose summary judgment when necessary affidavits are unavailable; (2) the motion failed to comply with Civ.R. 56(F); and (3) the documents Mayfield was seeking were privileged. IHT and Eisner attached several letters to its memorandum which demonstrated they had previously alerted Mayfield of their position that the documents in question were privileged and that they did not intend to produce them for the litigation.

{¶8} On January 8, 2016, Mayfield filed a reply brief in support of its motion, noting that the discovery cutoff deadline was January 25, 2016 and it required additional

3

time to obtain discovery to respond to IHT's and Eisner's motion. It asserted that even if documents were privileged, it still required a continuance because it intended on deposing "a third party witness who would not be available until mid-January." The parties appear to concede that third-party witness was Merrilee Stewart, the former president of IHT. Mayfield did not respond to IHT's and Eisner's argument that its motion was defective for failure to comply with the requirements of Civ.R. 56(F). No motion to compel was filed.

{¶9} On January 15, 2016, the trial court denied Mayfield's motion and entered summary judgment in favor of USLI as well as IHT and Eisner. The court determined that Mayfield's motion for extension of time must be denied because it failed to include an affidavit containing particularized facts demonstrating the need for further discovery as required by Civ.R. 56(F). The court further observed that, although certain depositions were taken, they were not filed and, thus, any reference to facts derived from these depositions would not be considered. After considering the merits of the pending motions, the court found USLI, IHT, and Eisner met their initial burden by demonstrating, through evidentiary quality material, that no issues of material fact existed for litigation. It further determined Mayfield failed to meet its reciprocal burden. Thus, the court concluded USLI, IHT, and Eisner were entitled to summary judgment as a matter of law.

{¶10} Mayfield filed a timely notice of appeal and, later, moved this court to supplement the record pursuant to App.R. 9(E), claiming certain deposition transcripts were inadvertently omitted from the trial record. IHT and Eisner opposed Mayfield's motion and moved to strike the same. This court remanded the matter to the trial court for the limited purpose of determining whether the transcripts were considered when it

4

entered summary judgment in each appellee's favor. The trial court subsequently determined the subject transcripts were not considered in rendering its decision and thus they were not made part of the record on appeal.

{¶11} Mayfield's first assignment of error provides:

{¶12} "The trial court erred and abused its discretion in simultaneously denying plaintiff's motion for extension of time to respond to summary judgment motion of IHT Insurance Agency Group and Eisner Insurance LLC and granting that summary judgment motion."

{¶13} Under its first assignment of error, Mayfield claims the trial court had an independent duty to resolve discovery disputes before proceeding to consider IHT's and Eisner's motion for summary judgment. It further contends that, in resolving the alleged dispute, the trial court should have granted relief pursuant to Civ.R. 56(F) as the rule is liberally construed to provide a nonmoving party a full opportunity to oppose a dispositive motion.

{¶14} Civ.R. 56(F) provides:

{¶15} **When affidavits unavailable**

{¶16} Should it appear from the affidavits of a party opposing the motion for summary judgment that the party cannot for sufficient reasons stated present by affidavit facts essential to justify the party's opposition, the court may refuse the application for judgment or may order a continuance to permit affidavits to be obtained or discovery to be had or may make such other order as is just.

{¶17} "Courts, including this one, have held that *the* remedy for a party who must respond to a summary judgment motion before he or she has completed adequate discovery is a motion under Civ.R. 56(F)." *Reigles v. Urban*, 11th Dist. Lake No. 2009-L-139, 2010-Ohio-4427, ¶12, citing *Alexander v. Tullis*, 11th Dist. Portage No. 2005-P-

5

0031, 2006-Ohio-1454, ¶22; *Morantz v. Ortiz*, 10th Dist. Franklin No. 07AP-597, 2008-Ohio-1046, ¶20; *Hankins v. Cecil*, 4th Dist. Lawrence No. 08CA1, 2008-Ohio-5275, ¶8; *MacConnell v. Safeco Property*, 2d Dist. Montgomery No. 21147, 2006-Ohio-2910, ¶51. A party who fails to seek relief pursuant to Civ.R. 56(F) does not preserve the issue for appeal. *Hankins, supra.; see also Jackson v. Walker*, 9th Dist. Summit No. 22996, 2006-Ohio-4351, ¶17.

{¶18} Civ.R. 56(F) should be applied liberally to ensure a nonmoving party has adequate time to discover facts necessary to rebut a motion for summary judgment. *Deutsche Bank Nat'l trust Co. v. Germano*, 11th Dist. Portage No. 2012-P-0024, 2012-Ohio-5833, ¶28. The nonmoving party's entitlement to additional discovery time, however, is not absolute. *Id.*

{¶19} Here, IHT and Eisner claim that the trial court's judgment relating to Mayfield's motion for extension must be affirmed because neither it nor its subsequent brief was accompanied by the necessary affidavit to support its request for additional time. Moreover, IHT and Eisner emphasize neither pleading set forth a basis regarding why or how the additional discovery was necessary to oppose IHT's and Eisner's motion.

{¶20} Civ.R. 56(F) requires an opposing party to state, by affidavit, why it cannot present, by affidavit, facts that justify its opposition to the motion. An affidavit, therefore, is an essential element of a motion for a continuance under the rule. And Civ.R. 56(F) "requires the opposing party to submit affidavits with sufficient reasons stating why it cannot present by affidavit facts sufficient to justify its opposition." *Gates Mills Inv. Co. v. Pepper Pike*, 59 Ohio App.2d 155, 169 (8th Dist.1978); *State ex rel. Coulverson v. Ohio Adult Parole Auth.*, 62 Ohio St.3d 12, 14 (1991) (a motion for continuance to

6

conduct discovery under Civ.R. 56(F) must be supported by a proper affidavit.) *Ramos v. Khawli*, 181 Ohio App.3d 176, 185, 2009-Ohio-798 (7th Dist.); ("[T]he motion for additional time [pursuant to Civ.R. 56(F)] must be supported by the non-movant's affidavit, which contains sufficient reasons to show why such party cannot obtain an affidavit of facts to oppose summary judgment.")

**{¶21}** If there is no proper affidavit, the court cannot grant relief pursuant to the rule. *Coulverson, supra.* And where no affidavit is presented, "'the court is free to rule on the motion for summary judgment.'" *Wells Fargo Bank, N.A. v. Shingara*, 11th Dist. Geauga No. 2007-G-2764, 2007-Ohio-6154, ¶12, quoting *Theisler v. DiDomenico*, 140 Ohio App.3d 379, 383 (7th Dist.2000); *see also Transamerica Fin. Serv. v. Stiver*, 61 Ohio App.3d 49, 52 (2d Dist.1989).

**{¶22}** Mayfield did not specifically seek relief pursuant to Civ.R. 56(F) and did not respond to IHT's and Eisner's argument that doing so was necessary to obtain the relief sought. In this respect, Mayfield failed to preserve its right to appeal this issue. *See Hankins, supra*; *Jackson, supra.* Assuming, however, arguendo, Mayfield intended its motion to be filed pursuant to Civ.R. 56(F), we shall consider its arguments.

**{¶23}** Mayfield contends that this court's recent decision in *Moore v. Warren, Ohio Hosps. Co., LLC*, 11th Dist. Trumbull No. 2015-T-0020, 2016-Ohio-1366, supports its position that the trial court erred in denying its motion for extension. *Moore*, however, is distinguishable from the facts of this case.

**{¶24}** In *Moore*, a plurality opinion, the plaintiff filed interrogatories and document requests on September 19, 2014. Months passed without a response. On December 31, 2014, the defendant moved for summary judgment. On January 22, 2015, the plaintiff filed a "motion to compel and motion for sanctions," alleging the

7

defendant had not responded to her discovery request. On the same date, the plaintiff filed a memorandum in opposition to the dispositive motion. The trial court ultimately granted the defendant's motion for summary judgment without ruling on her motion to compel.

{¶25} On appeal, this court reversed the trial court, noting that the plaintiff had made timely and reasonable efforts to obtain discovery; the defendant failed and/or refused to respond to the plaintiff's requests; and the plaintiff was not responsible for any delays in the proceedings. This court determined the motion to compel should have been granted and the plaintiff was entitled to additional time to respond under the circumstances.

{¶26} The procedural facts of this case differ from *Moore*. Here, although Mayfield asserted IHT and Eisner failed to produce certain documents, IHT and Eisner advised Mayfield of their belief that the documents were privileged over a month before Mayfield filed its motion for extension. Mayfield made no additional attempts to obtain the reports until over two weeks after IHT and Eisner filed their motion for summary judgment. And, significantly, Mayfield, unlike the plaintiff in *Moore*, did not file a motion to compel production of the documents. Moreover, Mayfield did not claim IHT and Eisner otherwise refused to comply with its discovery requests. Hence, contrary to Mayfield's representations, the record fails to disclose any active discovery dispute at the time the dispositive motion was filed.

{¶27} Furthermore, unlike *Moore*, the trial court in this matter did not gloss over the fact that discovery was ongoing. In *Moore*, no discovery was provided when the dispositive motion was filed. Here, Mayfield concedes some discovery was completed. And simply because the discovery deadline had not passed does not imply the trial

8

court erred in ruling on the dispositive motion. The motion for summary judgment had been pending for over 30 days. And Mayfield was on notice, by virtue of IHT's and Eisner's arguments in opposition for an extension, of the requirements of Civ.R. 56(F). Mayfield consequently elected not to comply with the rule even after it was alerted to its motion's defect. Pursuant to the rule, Mayfield was required, via affidavit, to state why it was unable to present facts that justify its opposition to IHT's and Eisner's motion. It failed to do so.

{¶28} Although the primary writing judge in *Moore* classified the plaintiff's motion to compel as a "de facto Civ.R. 56(F) motion," the opinion ultimately stated that the trial court erred "in not granting the motion to compel." *Moore*, at ¶28. The facts of *Moore* are therefore distinguishable from the case sub judice.

{¶29} Mayfield was required to file an affidavit justifying why it was unable to oppose IHT's and Eisner's motion. Contrary to IHT's and Eisner's position, however, the affidavit need not explain the need for additional discovery and what the discovery would likely uncover. *See e.g. J & B Fleet Indus. Supply v. Miller*, 7th Dist. Mahoning No. 09 MA-173 2011-Ohio-3165, ¶34. The rule appears to simply require a party to aver why it cannot present sufficient facts to oppose the pending motion. If the rule required a party to divine what the additional discovery would uncover, an affidavit is an inappropriate vehicle for advancing such a prediction. An affidavit includes averments of fact, made under oath, that are within the personal knowledge of the affiant. It stands to reason that neither Mayfield, its representatives, nor its counsel had personal knowledge of the contents of the documents requested and could not have possessed personal knowledge of Ms. Stewart's testimony prior to taking the deposition. Accordingly they could not have filed an affidavit attesting to how this additional

9

discovery was necessary to oppose IHT's and Eisner's motion. It would, of course, be impossible to make factual averments under oath about which one has no knowledge. Mayfield could have filed an affidavit averring that, given the state of discovery at the time of the motion, it had insufficient facts to oppose IHT's and Eisner's motion, e.g., after conducting discovery and deposing IHT's and Eisner's representatives, there are inadequate facts to oppose the motion. It chose to proceed allowing its motion to stand by itself. Its decision was fatal to the motion.

{¶30} Strictly applying the requirements of Civ.R. 56(F) in this case appears to elevate form over substance. Mayfield's motion and brief in support indicated that, at this stage, it had insufficient facts to oppose the motion and therefore needed to depose the additional witness. The problem is compounded by the procedural backdrop of the case, i.e., the discovery deadline had not passed, the litigation had commenced a mere nine months prior to Mayfield's motion, no prior continuances had been sought, and the extension sought was very short (30 days). Nevertheless, because Mayfield failed to include or reduce its motion to an affidavit stating a factual basis why opposition was not immediately possible, Mayfield's motion was insufficient.

{¶31} We appreciate Mayfield's unfortunate position. Our review, however, is limited to whether the trial court abused its discretion. Because an affidavit is required by rule as well as the case law interpreting that rule, we must conclude the trial court's ruling was neither unreasonable nor contrary to sound legal decision-making. We therefore hold the trial court did not abuse its discretion in denying Mayfield's motion for extension.

{¶32} Mayfield's first assignment of error lacks merit.

{¶33} Its second assignment of error provides:

10

{¶34} "The trial court erred as a matter of law, denied LG Mayfield procedural due process, and abused its discretion by ruling on the motions for summary judgment without affording LG Mayfield the opportunity to respond after it denied its motion for extension of time."

{¶35} Under this assignment of error, Mayfield contends the motion for extension of time stays the time to respond to a dispositive motion until the court rules upon the motion for extension. Pursuant to Geauga Loc.R. 7, Mayfield had 30 days to respond to IHT's and Eisner's motion. Mayfield filed its motion for extension on December 28, 2015, which, it argues, stayed the case until the court ruled upon the same. Thus, Mayfield contends it was entitled to additional time to respond to the dispositive motion.

{¶36} First, Mayfield had an opportunity to file a memorandum in opposition and, even if it required additional discovery to fully contest IHT's and Eisner's motion, it still could have opposed the motion and noted, as it did when it opposed USLI's motion, supportive materials were forthcoming. Accordingly, Mayfield had the opportunity to respond, but elected to wait until the motion for extension was considered.

{¶37} Moreover, as stated above, once a Civ.R. 56(F) motion is deemed deficient, e.g., because it lacks an affidavit, a court is free to rule upon a motion for summary judgment. *Shingara*, *supra.*; *Theisler*, *supra.* Mayfield had notice of the need to respond and was afforded an opportunity to do so. We discern no due process violation and, under the circumstances, the trial court acted within its discretion.

{¶38} Mayfield's second assignment of error lacks merit.

{¶39} Mayfield's third assignment of error provides:

11

**{¶40}** "The trial court erred as a matter of law in granting IHT/Eisner's motion for summary judgment."

**{¶41}** Under this assignment of error, Mayfield maintains there are genuine issues of material fact for trial relating to its claims against IHT and Eisner. Specifically, it argues Mr. Eisner had a duty to obtain business interruption insurance because there was direct evidence Oak & Ember's principal, Gretchen Garofoli, and her agent, Marc Garofoli, specifically requested the coverage. Mayfield therefore concludes Mr. Eisner's failure to do so created a question of fact regarding his negligence.[1]

**{¶42}** Pursuant to Civil Rule 56(C), summary judgment is proper when (1) the evidence shows "that there is no genuine issue as to any material fact" to be litigated; (2) "the moving party is entitled to judgment as a matter of law;" and (3) "it appears from the evidence * * * that reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made, that party being entitled to have the evidence * * * construed most strongly in the party's favor." A trial court's decision to grant summary judgment is analyzed by an appellate court under a de novo standard of review. *Grafton v. Ohio Edison Co.*, 77 Ohio St.3d 102, 105, (1996). "A de novo review requires the appellate court to conduct an independent review of the evidence before the trial court without deference to the trial court's decision." (Citation omitted.) *Peer v. Sayers*, 11th Dist. Trumbull No. 2011-T-0014, 2011-Ohio-5439, ¶27.

**{¶43}** Although Mayfield failed to oppose IHT's and Eisner's motion, that motion included, inter alia, portions of Mr. Garofoli's deposition. We recognize that the entirety of Mr. Garofoli's deposition was not filed with the court and, as such, the portions of the

---

1. Mayfield only contests the trial court's award of summary judgment as it relates to its negligence claim.

deposition attached to the motion did not comport with Civ.R. 56. Civ.R. 56(C) controls the materials that the court may consider when it determines whether there are any triable issues of fact. That rule directs the court to consider only "the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence in the pending case, and written stipulations of fact, if any, *timely filed* in the action[.]" (Emphasis added.) Where, however, the opposing party fails to object to the admissibility of the non-compliant evidence, the trial court may, but need not, consider the evidence when it determines the propriety of entering summary judgment. *State ex rel. Spencer v. E. Liverpool Planning Comm.* (1997), 80 Ohio St.3d 297, 301 (1997) citing *Bowmer v. Dettelbach*, 109 Ohio App.3d 680, 684 (6th Dist.1996). Here, the portion of the deposition was neither objected to nor otherwise stricken; by implication, we shall presume the trial court considered the attachment in rendering summary judgment in IHT's and Eisner's favor.

{¶44} With this in mind, the excerpts of Mr. Garofoli's deposition, attached to the dispositive motion, reveal that he "believed" he advised Mr. Eisner that he and his wife wanted business interruption coverage and that Mr. Eisner advised him that they "needed" the coverage. "In the insurance context, an action for negligence may be based upon an insurance agent's failure to procure insurance." *Tornado Techs., Inc. v. Quality Control Inspection, Inc.*, 8th Dist. Cuyahoga No. 97514, 2012-Ohio-3451, ¶18. "Whether an agent has negligently failed to procure insurance is ordinarily a question of fact." *Id.*

{¶45} A court considering a summary judgment need not afford the non-moving party every inference to be drawn from the evidence, but only every reasonable inference. *Colville v. Meijer Stores Ltd.*, 2d Dist. No. 2011-CA-011, 2012-Ohio-2413,

13

¶37. Viewing the evidence most strongly in Mayfield's favor, the reasonable inference can be drawn that the Garofolis desired business interruption insurance and/or Mr. Eisner, despite his averments to the contrary, advised them it was necessary. If Mr. Eisner advised Mr. Garofoli that the restaurant "needed" business interruption coverage, and Mr. Garofoli indicated he wanted such coverage, but Mr. Eisner failed to procure the same, there is a genuine issue of material fact as to whether he was negligent in procuring the insurance policy that did not include business interruption coverage. We therefore hold there is a genuine issue of material fact for litigation relating to Mayfield's negligence claim against IHT and Eisner.

{¶46} Mayfield's third assignment of error has merit.

{¶47} Mayfield's fourth assignment of error provides:

{¶48} "The trial court erred as a matter of law in granting USLI's motion for summary judgment."

{¶49} Mayfield asserts a genuine issue of material fact remains regarding USLI's liability for breach of an oral contract because Mr. Eisner, acting as its agent, orally promised to obtain business interruption coverage. It further argues that, even though Mr. and Mrs. Garofoli failed to read the policy, Mr. Eisner, as USLI's agent, represented he would obtain business interruption coverage; hence, Mr. and Mrs. Garofoli's failure to read the policy creates a jury issue regarding comparative negligence. Finally, Mayfield asserts there is a genuine issue of fact regarding whether the parties were mutually mistaken when they entered the agreement. Given the lack of evidentiary quality material in the record, each of Mayfield's arguments must fail.

{¶50} In responding to USLI's motion for summary judgment, Mayfield submitted only the affidavit of Christopher McCauley, the manager of Oak & Embers. McCauley

14

averred that, after the fire, Mr. Eisner assured Mr. and Mrs. Garofoli that the policy contained business interruption coverage. Mr. McCauley also averred he heard a voice message left by Mr. Eisner shortly after the fire. In the message, Mr. Eisner stated he reviewed the subject policy and represented it included business interruption coverage. Obviously, Mr. Eisner's representations were misleading because the policy did not include business interruption coverage. Nevertheless, it does not establish that, in the course of his discussions with Mr. and Mrs. Garofoli, Mr. Eisner was asked to procure the coverage. Mr. McCauley's affidavit does not speak to this crucial issue.

{¶51} In order to formulate a sustainable theory of liability against USLI, Mayfield was required to advance some evidentiary quality material, whether by affidavit or deposition, that would allow for the reasonable inference that Oak & Embers, through Mr. and/or Mrs. Garofoli, requested Mr. Eisner to obtain business interruption coverage. Without this preliminary nexus, it is inconsequential whether Mr. Eisner was acting as USLI's agent.

{¶52} Although Mayfield's complaint alleges Mr. and Mrs. Garofoli requested Mr. Eisner to obtain business interruption coverage, Mayfield was not entitled to "rest upon the mere allegations or denials of the party's pleadings, but the party's response, by affidavit or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial." Civ.R. 56(E); *see also Dresher v. Burt*, 75 Ohio St.3d 280, 293 (1996). Because Mayfield failed to provide any evidentiary materials that would indicate the initial request was made, USLI was entitled to judgment as a matter of law.

{¶53} Assuming arguendo that Mayfield did introduce some evidence that the request was made in its memorandum opposing USLI's motion, the record fails to

15

establish Mr. Eisner was acting as USLI's agent during his discussions with the Garofolis.

**{¶54}** R.C. 3929.17 provides: "A person who solicits insurance and procures the application therefor shall be considered as the agent of the party, company, or association thereafter issuing a policy upon such application or a renewal thereof, despite any contrary provisions in the application or policy."

**{¶55}** In *Damon's Missouri, Inc. v. Davis*, 63 Ohio St.3d 605 (1992), the Supreme Court of Ohio held:

> **{¶56}** An insurance broker (or independent insurance agent) becomes an agent for a particular insurer when: (1) the broker notifies its customer, the potential insured, that he or she intends to place the customer's insurance coverage with a particular insurer; or (2) the broker accepts an application for insurance on behalf of the customer. (R.C. 3929.27, construed.) *Damon's*, syllabus.

**{¶57}** Here, the record reflects that after discussing Oak & Embers' insurance needs, Mr. Eisner contacted three separate insurance companies to obtain an insurance quote for the restaurant. One of the companies was USLI. According to Mr. Eisner, USLI was the only company willing to offer a quote. After receiving the quote, Mr. Eisner contacted Mr. Garofoli and, eventually, Mrs. Garofoli signed the policy.

**{¶58}** When Mr. Eisner contacted USLI, he was not "soliciting" or "procuring" insurance as contemplated by R.C. 3929.27. Instead, he was acting as a "broker." In *Damon's*, the Court observed:

> **{¶59}** "An 'insurance broker' is one who acts as middleman between the insured and the insurer, and who solicits insurance from the public under no employment from any special company and who, upon securing an order, places it with a company selected by the insured, or, in the absence of such a selection, with a company selected by himself; whereas an 'insurance agent' is one who represents an insurer under an employment by it. Whether a person acts as a broker or agent is not determined by what he is

16

called but is to be determined from what he does. In other words, his acts determine whether he is an agent or a broker." *Id.* at 610, quoting 3 Couch on Insurance 2d, *supra*, at 442-443, Section 25:93

**{¶60}** At the time he sent the restaurant's information to the companies, which did not include a business interruption coverage option, i.e., the essence of Mayfield's negligent procurement claim, he was performing activities particular to his role as an insurance broker, not a soliciting agent. The alleged negligent act occurred when he was acting "as middleman between the insured and the insurer," during the pre-application stage, and not as a representative of USLI. Mr. Eisner could be deemed an agent of USLI only after he advised the Garofolis that he would be placing coverage with USLI or once he accepted the finalized application on behalf of Mrs. Garofoli. *Damon's, syllabus.* He was not, however, an agent at the time he provided the information to USLI to obtain a quote. Mayfield's argument to the contrary lacks merit.

**{¶61}** Finally, Mayfield contends that because, after the fire, Mr. Eisner represented that the policy included business interruption coverage and the Garofoli's believed such coverage was included, there was a mutual mistake justifying reformation of the contract. We do not agree.

**{¶62}** Unambiguous insurance policies are usually enforced as written. Where, however, clear and convincing evidence demonstrates a mutual mistake in the policy, a court may employ the equitable tool of reformation to deviate from the terms of the written agreement and correct the mistake. *Ryan v. Nationwide Ins. Co.*, 8th Dist. Cuyahoga No. 84569, 2005-Ohio-885, ¶13. A court may also reform a policy in the case of a unilateral mistake that "affects the insurance policy to such an extent that the

17

contract is not 'a correct integration of the agreement of the parties.'" *Id.*, quoting *Snedegar v. Midwestern Idemn. Co.*, 44 Ohio App.3d 64, 69 (10th Dist.1988).

{¶63} Nevertheless, a court should not reform an insurance policy where the party seeking reformation has failed to fulfill his duty to read the policy. *Allstate Ins. Co. v. Croom*, 8th Dist. Cuyahoga No. 95508, 2011-Ohio-1697, ¶11. Reformation is a remedy in equity, and "[e]quity aids the vigilant." *Marconi v. Savage*, 8th Dist. Cuyahoga No. 99163, 2013-Ohio-3805, ¶23 (discussing the equitable doctrine of laches and explaining that "a person is not entitled to relief when there has been an '[u]nreasonable delay; neglect to do a thing or to seek to enforce a right at a proper time'"), quoting *Russell v. Fourth Natl. Bank*, 102 Ohio St. 248, 265, (1921). *See also Jacubenta v. Ranch*, 8th Dist. Cuyahoga No. 98750, 2013-Ohio-586, ¶15 ("An insurance policyholder has a duty to read its insurance policy."); *Hts. Driving School v. Motorists Ins. Co.*, 8th Dist. Cuyahoga No. 81727, 2003-Ohio-1737, ¶38 (charging a policyholder with knowledge about the contents of his insurance policy). "An agent or broker is not liable when a customer's loss is due to the customer's own act or omission." *Id.*

{¶64} Here, the record demonstrates that Mr. and Mrs. Garofoli did not read the policy. Had they done so, they would have known business interruption coverage was omitted. In this respect, the Garofolis were not vigilant in verifying their alleged assumptions about the coverage. Alternatively, it is uncontroverted that USLI provided insurance coverage that was requested and did not deprive Mayfield of any benefits owed under the policy. There is no indication that it was mistaken regarding the coverage that was sought. Under these circumstances, therefore, reformation would be inequitable.

{¶65} Mayfield's final assignment of error lacks merit.

**{¶66}** For the reasons discussed in this opinion, the judgment of the Geauga County Court of Common Pleas is affirmed in part, reversed in part, and remanded for further proceedings.

THOMAS R. WRIGHT, J., concurs,

COLLEEN MARY O'TOOLE, J., concurs in part and dissents in part, with a Dissenting Opinion.

_____

COLLEEN MARY O'TOOLE, J., concurs in part and dissents in part, with a Dissenting Opinion.

**{¶67}** I agree with the majority's finding of error regarding Mayfield's third assignment. I disagree, however, with the majority's finding of no error regarding Mayfield's remaining assignments. Because I would reverse and remand the trial court's judgment in its entirety, I concur in part and dissent in part.

**{¶68}** "Summary judgment is a procedural tool that terminates litigation and thus should be entered with circumspection. *Davis v. Loopco Industries, Inc.*, 66 Ohio St.3d 64, 66 * * * (1993). Summary judgment is proper where (1) there is no genuine issue of material fact remaining to be litigated; (2) the movant is entitled to judgment as a matter of law; and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and, viewing the evidence in the non-moving party's favor, that conclusion favors the movant. *See e.g.* Civ.R. 56(C).

**{¶69}** "When considering a motion for summary judgment, the trial court may not weigh the evidence or select among reasonable inferences. *Dupler v. Mansfield Journal Co.,* 64 Ohio St.2d 116, 121 * * * (1980). Rather, all doubts and questions must

19

be resolved in the non-moving party's favor. *Murphy v. Reynoldsburg*, 65 Ohio St.3d 356, 359 * * * (1992). Hence, a trial court is required to overrule a motion for summary judgment where conflicting evidence exists and alternative reasonable inferences can be drawn. *Pierson v. Norfork Southern Corp.*, 11th Dist. No. 2002-A-0061, 2003-Ohio-6682, ¶36. In short, the central issue on summary judgment is, 'whether the evidence presents sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law.' *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-252 * * * (1986). On appeal, we review a trial court's entry of summary judgment de novo. *Grafton v. Ohio Edison Co.,* 77 Ohio St.3d 102, 105 * * * (1996)." *Meloy v. Circle K Store*, 11th Dist. Portage No. 2012-P-0158, 2013-Ohio-2837, ¶5-6. (Parallel citations omitted.)

{¶70} This writer agrees with Mayfield that *Moore v. Warren Ohio Hosps. Co., LLC*, 11th Dist. Trumbull No. 2015-T-0020, 2016-Ohio-1366 (Cannon, J., concurred in part and concurred in judgment only in part with a Concurring Opinion, and Grendell, J., dissented with a Dissenting Opinion), supports its position that the trial court erred in denying its motion for extension. As *Moore* is procedurally quite similar to the instant case, this writer disagrees with the majority that *Moore* is inapplicable.

{¶71} Specifically, this court stated the following in *Moore*, *supra,* at ¶17-25:

{¶72} "* * * In her first assignment, Ms. Moore argues the trial court erred in granting TMH's motion for summary judgment. Ms. Moore alleges the court did not allow her an adequate opportunity to complete discovery before ruling on the summary judgment motion. She contends the court should have first ruled on her 'Motion to Compel and Motion for Sanctions' before granting summary judgment in favor of TMH.

**{¶73}** "Appellate courts generally apply the abuse of discretion standard when reviewing discovery rulings. *State ex rel. Sawyer v. Cuyahoga Cty. Dept. of Children and Family Servs.*, 110 Ohio St.3d 343, 2006-Ohio-4574, ¶9 * * *. Regarding this standard, we recall the term 'abuse of discretion' is one of art, connoting judgment exercised by a court which neither comports with reason, nor the record. *State v. Ferranto*, 112 Ohio St. 667, 676-678 * * * (1925). An abuse of discretion may be found when the trial court 'applies the wrong legal standard, misapplies the correct legal standard, or relies on clearly erroneous findings of fact.' *Thomas v. Cleveland*, 176 Ohio App.3d 401, 2008-Ohio-1720, ¶15 * * * (8th Dist.).

**{¶74}** "This court stated in *Deutsche Bank Nat'l Trust Co. v. Germano*, 11th Dist. Portage No. 2012-P-0024, 2012-Ohio-5833, ¶28-30:

**{¶75}** ""In interpreting Civ.R. 56(F), this court has indicated that a trial court should apply the rule liberally to ensure that the nonmoving party in any summary judgment exercise has sufficient time to discover any fact which is needed to properly rebut the argument of the moving party." *Marshall v. Silsby*, 11th Dist. No. 2004-L-094, 2005-Ohio-5609, ¶18, citing *King v. Zell*, 11th Dist. No. 97-T-0186, 1998 Ohio App. LEXIS 6364, *10 (Dec. 31, 1998). The nonmoving party's right to additional discovery time, however, is not absolute in every instance. To be entitled to a continuance under the rule, the nonmoving party has the burden of establishing a sufficient reason for the additional time. *Id.*, citing *Kane v. Kane*, 10th Dist. No. 02-AP-933, 2003-Ohio-4021, ¶14. "That is, the party requesting more time must show that the additional discovery will actually aid in either the demonstration or negation of a fact relevant to an issue in the motion for summary judgment." *Id.*, citing *King* 1998 Ohio App. LEXIS 6364 at *11.

21

{¶76} "'"(B)ecause such a request for additional time under Civ.R. 56(F) involves a matter of discovery, the disposition of such a request falls within the sound discretion of a trial court." *Id.* at ¶19, citing *Westcott v. Associated Estates Realty Corp.*, 11th Dist. Nos. 2003-L-059 and 2003-L-060, 2004-Ohio-6183, ¶17. "Thus, the ruling of the trial court will be upheld on appeal unless it can be shown that the decision was arbitrary, unreasonable or unconscionable." *Id.*

{¶77} "'"(W)here discovery proceedings would not, if allowed to proceed, aid in the establishment or negation of facts relating to the issue to be resolved, Ohio's appellate courts have been reluctant to find that the trial court abused its discretion by granting a motion for summary judgment before the discovery proceedings were completed." *King* 1998 Ohio App. LEXIS 6364 at *11, citing *Ball v. Hilton Hotels*, 32 Ohio App.2d 293, 295 * * * (* * *) (1st Dist.1972). *See also Gates Mills Investment Co. v. Pepper Pike*, 59 Ohio App.2d 155 * * * (* * *) (8th Dist.1978).' (Parallel citations omitted.)

{¶78} "This court also stated in *Waldorf v. Waldorf*, 11th Dist. Trumbull No. 2013-T-0094, 2015-Ohio-1207, ¶11:

{¶79} "'When an appellate court reviews a trial court's ruling on a motion to continue, the court "'"appl(ies) a balancing test, thereby weighing the trial court's interest in controlling its own docket, including the efficient dispensation of justice, versus the potential prejudice to the moving party."'" *In re K.M.D.*, 4th Dist. Ross No. 11CA3289, 2012-Ohio-755, ¶50, quoting *Foley v. Foley*, 10th Dist. Franklin Nos. 05AP-242 & 05AP-463, 2006-Ohio-946, ¶16, quoting *Fiocca v. Fiocca*, 10th Dist. Franklin No. 04AP-962, 2005-Ohio-2199, ¶7. In dealing with a motion to continue, a trial court should consider the following factors: (1) the length of the delay requested; (2) whether

22

other continuances have been requested and received; (3) the inconvenience to litigants, witnesses, opposing counsel and the court; (4) whether the requested delay is for legitimate reasons or whether it is dilatory, purposeful, or contrived; (5) whether the defendant contributed to the circumstance which gives rise to the request for a continuance; and (6) other relevant factors, depending on the unique facts of each case. *K.M.D.* at ¶51, quoting *State v. Unger*, 67 Ohio St.2d 65, 67-68 * * * (* * *) (1981).' (Parallel citation omitted).

**{¶80}** "Before a court may rule on summary judgment, it must allow the parties adequate opportunity to complete discovery * * *."

**{¶81}** In *Moore*, the parties did not have an adequate opportunity to complete discovery. TMH filed a motion for summary judgment before it had responded to discovery properly served on it by Ms. Moore. She later filed a timely and well laid out "Motion to Compel and Motion for Sanctions," requesting, by implication, more time pursuant to Civ.R. 56(F). The trial court did not construe her motion to compel as a motion to delay ruling on TMH's motion for summary judgment and the court never acted on her motion. Thus, the court erred in never clearing discovery before ruling on the motion for summary judgment. *See Moore, supra,* at ¶25-29.

**{¶82}** Based on the foregoing, this court in *Moore* articulated a standard that should have been followed by the trial court in the instant matter, i.e., that that trial court judge had an independent duty to get discovery resolved. As Ms. Moore was effectively stopped "'halfway around the track'" and the "'win'" was given to the other side "'before the race was over,'" so too was Mayfield in this case as the trial court's pretrial order indicated there was still more time for discovery. *See Moore, supra,* at ¶29.

23

**{¶83}** As stated, "'"In interpreting Civ.R. 56(F), this court has indicated that a trial court should apply the rule liberally to ensure that the nonmoving party in any summary judgment exercise has sufficient time to discover any fact which is needed to properly rebut the argument of the moving party."'" *Moore*, *supra*, at ¶20, quoting *Germano*, *supra,* at ¶28. Mayfield correctly points out that "the trial court strictly construed Civ.R. 56(F), elevating form over substance and denied a reasonable request for an extension of time to complete discovery ***within the period originally established by the trial court***." (Emphasis sic.) (Appellant's brief page 11). "Before a court may rule on summary judgment, it must allow the parties adequate opportunity to complete discovery (prior to acting on a prematurely filed motion for summary judgment.)" *Moore, supra,* at ¶25. Procedural fairness envisions a discovery process that leads to a just result. The court is the guarantor of procedural fairness, a core competency of the court and an expectation of the public.

**{¶84}** In addition, this writer agrees with Mayfield that "the scales in this particular balancing test tip very heavily in favor of an extension of time, and the trial court abused its discretion in not granting it in the first instance * * *." (Appellant's brief page 12); *Waldorf, supra,* at ¶11 (As stated, "[i]n dealing with a motion to continue, a trial court should consider the following factors: (1) the length of the delay requested; (2) whether other continuances have been requested and received; (3) the inconvenience to litigants, witnesses, opposing counsel and the court; (4) whether the requested delay is for legitimate reasons or whether it is dilatory, purposeful, or contrived; (5) whether the defendant contributed to the circumstance which gives rise to the request for a continuance; and (6) other relevant factors, depending on the unique facts of each case.")

**{¶85}** Here, this was the first request for an extension. Mayfield's counsel was diligent in pursuing discovery. The motion was not made to cause delay. A short extension of time would not have inconvenienced the parties, other counsel, or the court. Mayfield correctly points out that the deposition at issue was important to developing admissible evidence which would have allowed it to rebut the dispositive motion. Thus, a genuine issue of material fact existed as to whether Mayfield requested and Mr. Eisner placed business interruption coverage. It is this writer's position that the trial court erred in not allowing Mayfield the opportunity to present this evidence to the court before proceeding to rule on the dispositive motion.

**{¶86}** Accordingly, because I would reverse and remand the trial court's judgment in its entirety, I concur in part and dissent in part.