[Cite as *Navy Fed. Credit Union v. Studmire*, 2021-Ohio-1990.]

# IN THE COURT OF APPEALS OF OHIO
## ELEVENTH APPELLATE DISTRICT
## TRUMBULL COUNTY

| | |
|---|---|
| NAVY FEDERAL CREDIT UNION, | CASE NO.  2020-T-0089 |
| Plaintiff-Appellee, | |
| - v - | Civil Appeal from the Court of Common Pleas |
| MARCUS STUDMIRE, | |
| Defendant-Appellant. | Trial Court No. 2019 CV 01915 |

### **O P I N I O N**

Decided: June 14, 2021
Judgment: Affirmed

*Daniel A. Friedlander*, Weltman, Weinberg & Reis Co., LPA, 965 Keynote Circle, Cleveland, OH 44131 (For Plaintiff-Appellee).

*Marcus Studmire*, pro se, 2064 Sheridan Avenue, N.E., Warren, OH 44483 (Defendant-Appellant).

CYNTHIA WESTCOTT RICE, J.

{¶1}    Appellant, Marcus Studmire, has filed the instant appeal, pro se, from the judgment of the Trumbull County Court of Common Pleas, granting summary judgment in favor of appellee, Navy Federal Credit Union.  We affirm.

{¶2}    On December 11, 2019, appellee filed a complaint in the trial court alleging appellant defaulted on certain credit card debt.  Appellant filed an answer, denying the allegation and asserted various affirmative defenses.  Appellee subsequently filed a motion for summary judgment.  The motion was supported by various exhibits, including

appellant's credit card application, a summary of appellant's account activity, and an affidavit from appellee's records custodian, Sharon Nation. The affidavit authenticated the records attached to appellee's motion and Ms. Nation averred the records were maintained in the ordinary course of appellee's business.

{¶3} Appellant filed a memorandum in opposition to appellee's motion. Appellant asserted appellee lacked standing and was not the real party in interest. Appellant additionally challenged the sufficiency of Ms. Nation's affidavit as well as its alleged hearsay nature. He also questioned the authenticity of the account records appended to appellee's motion. Appellee subsequently replied to appellant's memorandum.

{¶4} On November 10, 2021, the trial court entered summary judgment in appellee's favor. Appellant now appeals and assigns three errors. His first provides:

{¶5} "The trial court erred in granting summary judgment to plaintiff because defendant had no reasonable opportunity to cross-examine plaintiff's witness."

{¶6} Appellant's first assignment of error asserts the trial court erred in granting appellee summary judgment because he had no reasonable opportunity to cross-examine the affiant, Ms. Nation. We do not agree.

{¶7} Civ.R. 56(F) provides:

{¶8} **When affidavits unavailable**. Should it appear from the affidavits of a party opposing the motion for summary judgment that the party cannot for sufficient reasons stated present by affidavit facts essential to justify the party's opposition, the court may refuse the application for judgment or may order a continuance to permit affidavits to be obtained or discovery to be had or may make such other order as is just.

{¶9} "'Courts, including this one, have held that *the* remedy for a party who must respond to a summary judgment motion before he or she has completed adequate

2

discovery is a motion under Civ.R. 56(F).'" (Emphasis original.) *LG Mayfield LLC v. United States Liab. Ins. Group*, 11th Dist. Geauga No. 2016-G-0058, 2017-Ohio-1203, ¶17. quoting *Reigles v. Urban*, 11th Dist. Lake No. 2009-L-139, 2010-Ohio-4427, ¶12. "A party who fails to seek relief pursuant to Civ.R. 56(F) does not preserve the issue for appeal." *L.G. Mayfield, supra.* Further, "Civ.R. 56(F) requires an opposing party to state, by affidavit, why it cannot present, by affidavit, facts that justify its opposition to the motion." *L.G. Mayfield, supra,* at ¶20. Accordingly, an affidavit, is a necessary element of a motion for a continuance to extend discovery under the rule.

{¶10} Appellant did not file a motion, let alone an affidavit, to obtain an extension under Civ.R. 56(F). Appellant's argument, therefore, regarding his inability to depose or seek additional discovery to confront the affiant is waived.

{¶11} Appellant's second assignment of error provides:

{¶12} "The trial court erred in granting summary judgment to plaintiff because plaintiff's witness failed to meet the hearsay exception rule."

{¶13} Under this assigned error, appellant challenges Ms. Nation's affidavit. He first contends it is a hearsay document submitted without an exception to the rule against hearsay. And, he contends, even if the business records exception were invoked, it does not apply. Appellant asserts appellee failed to demonstrate Ms. Nation was sufficiently familiar with the operation of its business and with the preparation, maintenance, and retrieval of the records. In effect, appellant asserts the affidavit did not comply with Civ.R. 56 because Ms. Nation did not provide any basis as to how she gained personal knowledge of appellee's records. We do not agree.

3

{¶14} Civ.R. 56(E) provides in pertinent part: "Supporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated in the affidavit."

{¶15} "[I]t is well settled that personal knowledge may be inferred from the contents of an affidavit." *Bank of America, N.A. v. Merlo,* 11th Dist. Trumbull No. 2012-T-0103, 2013-Ohio-5266, ¶26. "'Further, * * * an officer of the lender could authenticate copies of the loan documents in her affidavit in support of summary judgment based on her review of the lender's loan documents." *CACH, LLC v. Potts*, 11th Dist. Trumbull No. 2015-T-0106, 2016-Ohio-4742, ¶23, quoting *Merlo, supra*. Moreover, an affiant providing the foundation for a recorded business activity is not required to have firsthand knowledge of the transaction at issue*. Id.* at ¶27. *See also Greenwood Rehabilitation, Inc. v. Thacker,* 6th Dist. Lucas No. L-03-1213, 2004-Ohio-1643, ¶15 ("[t]he witness whose testimony establishes the foundation for a business record need not have personal knowledge of the exact circumstances of preparation and production of the document.") A proponent must establish, however, that "the witness is sufficiently familiar with the operation of the business and with the circumstances of the record's preparation and maintenance so that he can testify the record is what it purports to be and was made in the ordinary course of business." *Potts*, *supra.*

{¶16} Recognizing the hearsay character of the affidavit, we conclude its contents were sufficient to fall within Evid.R. 803(6), the business-records exception to hearsay exclusion. Evid.R. 803(6) provides, in pertinent part:

{¶17} **Records of Regularly Conducted Activity.** A memorandum, report, record, or data compilation, in any form, of acts, events, or

4

Case No. 2020-T-0089

conditions, made at or near the time by, or from information transmitted by, a person with knowledge, if kept in the course of a regularly conducted business activity, and if it was the regular practice of that business activity to make the memorandum, report, record, or data compilation, all as shown by the testimony of the custodian or other qualified witness or as provided by Rule 901(B)(10), unless the source of information or the method or circumstances of preparation indicate lack of trustworthiness.

{¶18} The affidavit in this case states that Ms. Nation has "the custody and control of the records herein" and she made the averments based upon her review of said records maintained in the ordinary course of business. These points permit the reasonable inference that Ms. Nation is employed by appellee as a records custodian. Ms. Nation further averred she personally reviewed the credit-card application between the parties, the account's statements, and the cardmember agreement, all of which were attached to appellee's motion, and asserted, to the best of her knowledge, they are accurate copies and records maintained and relied upon in the ordinary course of appellee's business. These points establish that, to the best of Ms. Nation's knowledge, the records which provide a basis for the suit, were kept in the course of appellee's regular business activity. We accordingly conclude the affidavit was sufficient to establish the facts to which Ms. Nation averred. And there is nothing to suggest, other than appellant's conclusory allegations, that its content was untrustworthy. We hold the affidavit was therefore appropriate and admissible under Civ.R. 56(E) and Evid.R. 803(6).

{¶19} Appellant's third and final assignment of error asserts:

{¶20} "The trial court erred in granting summary judgment to plaintiff because the evidence introduced by plaintiff is insufficient to support the purported witness has personal knowledge of the matter."

5

Case No. 2020-T-0089

{¶21} Under this assignment, appellant takes issue with the authenticity of the account records attached to appellee's motion for summary judgment as well as their validity. He essentially reiterates his previous argument that appellee failed to demonstrate Ms. Nation had personal knowledge of the matters to which she averred in the affidavit. We do not agree.

{¶22} Appellant's argument is premised upon a conspiratorial assertion: That is, there's no evidence that Ms. Nation's averments were not false, therefore there's a possibility they are. Appellant, however, fails to provide any affirmative basis for his allegation that the records at the center of this suit, or Ms. Nation's affidavit, are inaccurate or invalid. Appellant produced no evidence to contradict Ms. Nation's representations or even throw them into question. Similarly, he failed to provide any basis for the trial court to conclude the documents setting forth his debt were questionable, let alone apocryphal. In order to create a genuine issue of material fact, appellant was required to provide more than his own conclusory or unsubstantiated statements regarding the quality of appellee's evidence. He failed to do so.

{¶23} Appellant's third assignment of error lacks merit.

{¶24} For the reasons discussed in this opinion, the judgment of the Trumbull County Court of Common Pleas is affirmed.


MARY JANE TRAPP, P.J.,

THOMAS R. WRIGHT, J.,

concur.


6

Case No. 2020-T-0089