[Cite as *Williams v. Pioneer Credit Recovery, Inc.*, 2020-Ohio-397.]

**IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
MONTGOMERY COUNTY**

| | | |
|---|---|---|
| TRAVIS LANIER WILLIAMS | : | |
| | : | |
| Plaintiff-Appellant | : | Appellate Case No. 28524 |
| | : | |
| v. | : | Trial Court Case No. 2018-CV-5969 |
| | : | |
| PIONEER CREDIT RECOVERY, INC. | : | (Civil Appeal from |
| | : | Common Pleas Court) |
| Defendant-Appellee | : | |
| | : | |

. . . . . . . . . . .

O P I N I O N

Rendered on the 7th day of February, 2020.

. . . . . . . . . . .

TRAVIS LANIER WILLIAMS, 1955 Kipling Drive, Dayton, Ohio 45406
        Plaintiff-Appellant, Pro Se

JORDAN S. O'DONNELL, Atty. Reg. No. 0002307, 53 State Street, 27th Floor, Boston,
Massachusetts 02109 and EDWARD SYLVESTER, Atty. Reg. No. 0073312, 2525 Ponce
de Leon Boulevard, 4th Floor, Coral Gables, Florida 33134
        Attorneys for Defendant-Appellee

. . . . . . . . . . . . .

FROELICH, J.

**{¶ 1}** Travis Lanier Williams, pro se, appeals from a judgment of the Montgomery County Court of Common Pleas, which granted summary judgment to Pioneer Credit Recovery, Inc. ("PCR"), on Williams's claims regarding PCR's ability to seek payment on his student loan debt.   For the following reasons, the trial court's judgment will be affirmed.

**{¶ 2}** On March 23, 2015, Williams obtained a Federal Direct Loan in the principal amount of $1,631.33 to fund his attendance at Sinclair Community College.   (*See* Wiler Decl., Exhibit 1.)   According to PCR, the United States Department of Education is, and always has been, the owner of the loan.   (Wiler Decl. Wiler, ¶ 7.)

**{¶ 3}** On November 3, 2018, after Williams allegedly defaulted on the loan, the Department of Education sent a "debt statement" to Williams, indicating that it held a defaulted student loan by Williams and seeking repayment of the loan.   (*See* Complaint) On November 7, Williams signed and sent an "Affidavit of Lost Promissory Note and Sold Promissory Note" to the Department of Education, which stated, in part:

> Corresponding with the Ohio revised code 1309.318 the U.S. Department
>
> has no interest retained in right to payment that is sold – rights and title to
>
> great lakes [1] that was the purchaser of TRAVIS LANIER WILLIAMS
>
> promissory note, I ask for proof of the Mortgage documents and original
>
> promissory note, I will give the U.S. DEPARTMENT OF EDUCATION
>
> fourteen days to respond if there is non-response I will assume that there is

---

[1] In footnote 4 of its memorandum in support of summary judgment, PCR notes that Great Lakes Higher Education Corporation is a well-known servicer of student loans.   Williams acknowledged in his opposition memorandum that he selected Great Lakes as the servicer of his student loan.

and discharge of Account Number: [10292****].

(Footnoted added; grammatical errors sic.) *See* attachment to complaint.

{¶ 4} On November 17, 2018, the Department of Education retained PCR to attempt to obtain payment on the debt. (Wiler Decl., ¶ 8.) Four days later (Nov. 21), PCR sent correspondence to Williams, seeking payment of the loan in full, including principal, interest, and collection charges; the total amount sought was $2,097.04. (Wiler Decl., Exhibit 2.) In reply, Williams wrote to PCR, asking the company to "validate the said debt." (Wiler Decl., Exhibit 3.) Williams sent additional correspondence dated December 2, which PCR received on December 18, 2018, indicating that he would proceed with legal action if PCR did not validate the debt within 14 days. (Wiler Decl. Exhibit 4.)

{¶ 5} On December 19, 2018, PCR responded to Williams. The correspondence stated, in its entirety, "Enclosed is a copy of the documents that you requested." (*Id.*, PCR Exhibit 5.) The correspondence enclosed a copy of the Federal Direct Loan Master Promissory Note, PCR Exhibit 1. (Wiler Decl., ¶ 13.)

{¶ 6} On December 28, 2018, Williams filed suit against PCR. Williams's complaint is confusing, but we discern two claims. First, he appears to allege that PCR failed to validate his student loan debt. Second, he appears to allege that the promissory note had been sold to Great Lakes and, consequently, R.C. 1309.318 precluded PCR and the Department of Education from seeking payment on the outstanding debt. Williams attached to his complaint copies of (1) an "affidavit" verifying his request for validation from PCR, (2) the November 3 correspondence from the Department of Education, (3) his November 7 response, (4) the November 21 correspondence from

PCR, and (5) his December 2 correspondence.

{¶ 7} PCR filed an answer to the complaint, alleging that the documents speak for themselves, that R.C. 1309.318 is inapplicable to this matter, and that the debt was not sold to Great Lakes or any other entity.

{¶ 8} On December 31, 2018, Williams filed a document in the trial court entitled "Notice of claim of Lawsuit claim of Injunction." The document acknowledged receipt of PCR's December 19 correspondence and a copy of the Federal Direct Loan Master Promissory Note. Williams argued that the note was not signed,[2] that it was hearsay, and that, pursuant to R.C. 1309.318, the Department of Education did not have an interest in the note. Williams asserted that PCR was liable for the amount it sought to collect ($2,097.04).

{¶ 9} On March 14, 2019, Williams filed another document, alleging that the Department of Education committed a breach of contract and that he had an action against the government for an illegal loan.

{¶ 10} On May 30, 2019, PCR moved for summary judgment on Williams's claims. PCR argued that, contrary to Williams's assertion, the Department of Education did not sell the loan to Great Lakes or any other entity and that PCR had responded to Williams's request for PCR to validate the loan through its December 19 correspondence. PCR further argued that R.C. 1309.318 was inapplicable and did not create a private right of action. PCR noted that Williams raised additional allegations in documents filed after the complaint, but it argued that those claims should not be considered and, regardless, they

---

[2] PCR states that the note was signed electronically. Williams's name and date on page 1, sections 19 and 20, of the note appear to support that statement.

were disproven by the Department of Education's continued ownership of the loan. PCR's motion was supported by the "declaration" of Bryan Wiler, Collections Director of PCR, who authenticated the Federal Direct Loan Promissory Note for Williams's student loan, as well as the correspondence between PCR and Williams.[3]

{¶ 11} Williams filed an "objection" to PCR's motion.  In his response, Williams acknowledged that he had signed a Master Promissory Note for a school loan to attend Sinclair Community College.   He stated that "Great Lakes loan company was the servicer [I] had picked to finance my student loan mortgage."  (Objections, ¶ 2; *see also* ¶ 3.) Williams asserted that Great Lakes, as the "cosignee," did not perfect its "security interest" within 20 days of "purchasing" the promissory note, "giving Sinclair Community College the right to collect from the mortgagor Plaintiff Travis Lanier Williams."   Williams stated that Sinclair Community College then breached the note "by not stating on my master promissory note that my promissory note was sold as and [sic] purchased money- security interest" and, instead, stating that he had promised to pay the Department of Education. (Objections, ¶ 4.)

{¶ 12} On August 1, 2019, a magistrate granted summary judgment to PCR.   The magistrate held:

> Plaintiff filed this lawsuit against Defendant, which fails to clearly

---

[3] Neither Wiler's declaration nor Williams's "affidavits" was notarized.   However, neither party objected to the other party's deficient declaration/affidavits or the documents attached thereto.   In the absence of an objection, the trial court had the discretion to consider the improperly introduced materials and to disregard the defects in the Civ.R. 56 materials. *See White v. Smedley's Chevrolet*, 2d Dist. Montgomery No. 26637, 2016-Ohio-968, ¶ 31, fn. 1 (failure to move to strike or otherwise object to plaintiff's evidence waived any error in the trial court's consideration of plaintiff's evidence in ruling on a summary judgment motion); *Kuczirka v. Ellis,* 9th Dist. Summit No. 29061, 2018-Ohio-5318, ¶ 5, fn. 1.

state a cause of action. Notwithstanding, after consideration of the pleadings and the evidence contained in the summary judgment record, the Court finds no genuine issues of material fact, and finds that Defendant is entitled to judgment as a matter of law on all of Plaintiff's allegations of wrongdoing with regards the Loan.

Specifically, any allegations against Defendant arising out of Plaintiff's claim that ED [i.e., Department of Education] sold the Loan are disproven by the record, which indicates that ED has, at all times, owned the subject Loan.

To the extent Plaintiff submitted an appropriate validation request to Defendant regarding the Loan, through the documents dated December 11 and 19, 2018, Defendant verified the Loan within thirty days, through its correspondence dated December 19, 2018. Therefore, Defendant did not commit a violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692g, ("FDCPA"), to the extent such a claim is alleged.

Defendant also did not violate Ohio Rev. Code § 1309.318. First, this statute does not create a private cause of action. Notwithstanding, its provisions, concerning secured debts, are inapplicable to the Loan.

Any other factual allegations in Plaintiff's Complaint similarly lack a basis in law or fact.

The magistrate's decision informed the parties of the requirement to file any objections within 14 days, pursuant to Civ.R. 53.

{¶ 13} Williams failed to file any objections to the magistrate's decision. On

August 18, 2019, the trial court adopted "the Magistrate's Decision, its findings, conclusions and decision as the Court's own" and granted PCR's motion for summary judgment. The court's decision indicated that it had reviewed whether there were any error of law or defect on the face of the magistrate's decision, and it found "neither to be present." The court ordered costs to be paid by Williams.

{¶ 14} Williams appeals from the trial court's judgment.

{¶ 15} On appeal, Williams does not specifically address the magistrate's legal analysis, which the trial court adopted. Instead, he again raises the relationship between Sinclair Community College, the Department of Education, and Great Lakes. Williams attached to his appellate brief a new document: correspondence dated November 22, 2017, from Higher Education Solutions, apparently on behalf of Sinclair Community College, regarding Williams's "educational debt serviced by Great Lakes." The correspondence indicated that his loan was "seriously delinquent" and "close to defaulting." Higher Education Solutions offered to "connect [Williams] with [his] loan servicer(s) and work as [his] advocate to resolve [his] delinquency over the phone."

{¶ 16} As an initial matter, in reviewing the trial court's judgment, we are limited to the record before the trial court. *Kahler v. Eytcheson*, 2d Dist. Montgomery No. 23523, 2012-Ohio-208, ¶ 23. "An exhibit merely appended to an appellate brief is not part of the record, and we may not consider it in determining the appeal." *State v. Grant*, 10th Dist. Franklin No. 12AP-650, 2013-Ohio-2981, ¶ 12. Williams failed to present the correspondence from Higher Education Solutions to the trial court. Accordingly, we cannot consider that document.

{¶ 17} Turning to the merits of Williams's appeal, even if we overlook Williams's

failure to file proper objections under Civ.R. 53, we agree with the trial court's grant of summary judgment to PCR.

{¶ 18} Pursuant to Civ.R. 56(C), summary judgment is proper when (1) there is no genuine issue as to any material fact, (2) the moving party is entitled to judgment as a matter of law, and (3) reasonable minds, after construing the evidence most strongly in favor of the nonmoving party, can only conclude adversely to that party. *Zivich v. Mentor Soccer Club, Inc.*, 82 Ohio St.3d 367, 369-370, 696 N.E.2d 201 (1998). The moving party carries the initial burden of affirmatively demonstrating that no genuine issue of material fact remains to be litigated. *Mitseff v. Wheeler*, 38 Ohio St.3d 112, 115, 526 N.E.2d 798 (1988). To this end, the movant must be able to point to evidentiary materials of the type listed in Civ.R. 56(C) that a court is to consider in rendering summary judgment. *Dresher v. Burt*, 75 Ohio St.3d 280, 292-293, 662 N.E.2d 264 (1996).

{¶ 19} Once the moving party satisfies its burden, the nonmoving party may not rest upon the mere allegations or denials of the party's pleadings. *Dresher* at 293; Civ.R. 56(E). Rather, the burden then shifts to the nonmoving party to respond, with affidavits or as otherwise permitted by Civ.R. 56, setting forth specific facts that show that there is a genuine issue of material fact for trial. *Dresher* at 293. Throughout, the evidence must be construed in favor of the nonmoving party. *Id.*

{¶ 20} We review the trial court's ruling on a motion for summary judgment de novo. *Schroeder v. Henness*, 2d Dist. Miami No. 2012 CA 18, 2013-Ohio-2767, ¶ 42. De novo review means that this court uses the same standard that the trial court should have used, and we examine the evidence, without deference to the trial court, to determine whether, as a matter of law, no genuine issues exist for trial. *Ward v. Bond*,

2d Dist. Champaign No. 2015-CA-2, 2015-Ohio-4297, ¶ 8.

{¶ 21} Viewing the evidence in the light most favorable to Williams, the evidence indicates that the Department of Education was, and is, the owner of the loan. Williams's response to the summary judgment motion indicated that he had selected Great Lakes as the loan *servicer*, and there is no evidence to indicate that the Department of Education sold the loan to Great Lakes or anyone else. PCR's evidence further reflects that the Department of Education contracted with PCR to attempt to collect Williams's student loan debt after Williams defaulted on his loan obligation. None of Williams's evidence substantiates his belief that the Department of Education lacked the authority to contract with PCR to collect on his defaulted student loan debt.

{¶ 22} Williams's complaint sought validation of Williams's student loan debt. PCR presented evidence that it sent Williams a copy of the Federal Direct Loan Master Promissory Note, PCR Exhibit 1, on December 19, 2018. (Wiler Decl., ¶ 13.) Williams acknowledged his receipt of that December 19 correspondence. Although Williams sought a copy of the note within 14 days, the trial court concluded that PCR had properly responded with the requested information, as required by the Fair Debt Collection Practices Act, 15 U.S.C. 1692g ("Validation of debts"). Upon review of the federal statute, the trial court properly granted summary judgment to PCR on Williams's validation claim.

{¶ 23} Williams's complaint appeared to claim that, pursuant to R.C. 1309.318, PCR could not seek payment of Williams's student loan debt, because the note had been sold to Great Lakes. R.C. 1309.318 provides:

(A) A debtor that has sold an account, chattel paper, payment intangible, or

promissory note does not retain a legal or equitable interest in the collateral sold.

(B) For purposes of determining the rights of creditors of, and purchasers for value of an account or chattel paper from, a debtor that has sold an account or chattel paper while the buyer's security interest is unperfected, the debtor is deemed to have rights and title to the account or chattel paper identical to those the debtor sold.

R.C. 1309.102(A)(28)(b) defines "debtor" to include a seller of promissory notes.

{¶ 24} R.C. 1309.318 applies to secured transactions, and nothing in the record indicates that Williams's promissory note was a secured transaction. Regardless, as stated above, the record reflects that Williams's Federal Direct Loan Master Promissory Note was not sold. Accordingly, the trial court properly concluded that R.C. 1309.318 was inapplicable.

{¶ 25} Williams attempted to raise new claims in documents filed subsequent to his complaint. Those claims were not properly raised in the trial court.

{¶ 26} Upon review of Williams's complaint, the parties' memoranda in support of and in opposition to summary judgment, and the evidence before the trial court, we conclude that no genuine issues of material fact existed and that PCR was entitled to judgment as a matter of law. Accordingly, the trial court's judgment will be affirmed.

. . . . . . . . . . . . .

TUCKER, P.J. and DONOVAN, J., concur.

Copies sent to:

Travis L. Williams
Jordan S. O'Donnell
Edward Sylvester
Hon. Dennis J. Adkins