[Cite as *FIG 20, L.L.C. FBO SEC PTY v. He*, 2024-Ohio-754.]

IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
MONTGOMERY COUNTY

| | | |
|---|---|---|
| FIG 20, LLC FBO SEC PTY | : | |
| | : | |
| Appellees | : | C.A. No. 29910 |
| | : | |
| v. | : | Trial Court Case No. 2023 CV 02199 |
| | : | |
| QIMING HE, et al. | : | (Civil Appeal from Common Pleas |
| | : | Court) |
| Appellant | : | |
| | : | |

. . . . . . . . . . .

O P I N I O N

Rendered on March 1, 2024

. . . . . . . . . . .

QIMING HE, Pro Se Appellant

DAVID T. BRADY, SUZANNE M. GODENSWAGER, AUSTIN B. BARNES, III, Attorneys for Appellee

. . . . . . . . . . . .

EPLEY, P.J.

{¶ 1} Qiming He, pro se, appeals from a judgment of the Montgomery County Court of Common Pleas, which granted summary judgment to FIG 20, LLC FBO SEC PTY on its foreclosure action and entered a judgment and decree of foreclosure. For the following reasons, the trial court's judgment will be affirmed.

## I. Facts and Procedural History

{¶ 2} According to the parties' exhibits, He purchased the property located at 133 Laura Avenue in Dayton in October 2013. Eight years later, on December 22, 2021, FIG 20 purchased a tax certificate (Tax Certificate No. 2021-0000000518) concerning the Laura Avenue property from the Montgomery County Treasurer, pursuant to R.C. 5721.33. The certificate reflected delinquent taxes of $1,526.66, a certificate purchase price of $1,926.66, and a negotiated interest rate of 18 percent. On March 29, 2023, FIG 20 filed a notice of intent to foreclose on the tax certificate with the Montgomery County Treasurer. The treasurer promptly certified that the property had not been redeemed.

{¶ 3} On May 1, 2023, FIG 20 filed a foreclosure action against He and others. It sought to have the tax certificate declared a valid first lien, the lien foreclosed, and the property sold. FIG 20 attached a copy of the tax certificate, its notice of intent to foreclose, a preliminary judicial report, and a report showing that no taxes were owing as of tax year 2022. He filed an answer, asserting that he did not have any delinquent tax bills for his 133 Laura Avenue property.

{¶ 4} On June 23, 2023, FIG 20 sought summary judgment on its claim. It argued that the tax certificate constituted presumptive evidence of the validity, amount, and nonpayment of the taxes shown on the certificate. FIG 20 attached an affidavit by Brad Matos, an authorized signer for FIG 20, who authenticated the tax certificate and affirmed that FIG 20 was the holder and owner of the certificate. Matos also stated the amount due and owing on the certificate, that no additional taxes or assessments were owed on the property, and that the tax certificate had not been redeemed by the property owner.

{¶ 5} The trial court set a submission date of July 28, 2023, and indicated the dates by which He and FIG 20 were to file their responsive and reply memoranda. He filed several pro se responses, both before and after the submission date. In his first response, He indicated that he had tax assessments related to mowing charges at a different property that he owned on Falmouth Avenue, but the mowing charges were unrelated to the Laura Avenue property. He asserted that he did not have any delinquent tax bills for 133 Laura Avenue. In support of his argument, He attached his first half 2021 tax bill for 2241 Falmouth Avenue and a printout of the tax payment history for the Laura Avenue address from February 1999 to February 2023. He separately provided a photo of the 2241 Falmouth Avenue property. In his August 9, 2023 filings, He indicated that he had contacted the Montgomery County Tax Office on several occasions, seeking detailed information about the tax payment record for 133 Laura Avenue. He expressed particular concern about the $1,526.66 payment received on December 27, 2021, of which he apparently had been unaware.

{¶ 6} On August 18, 2023, the trial court granted FIG 20's motion for summary judgment and entered a judgment and decree of foreclosure. He appeals from the trial court's judgment.

## II. Analysis

{¶ 7} He does not set forth any assignments of error, as required by App.R. 16(A)(3). However, we infer that He is claiming that the trial court erred in granting summary judgment to FIG 20 on its foreclosure claim. He appears to argue that FIG 20's tax certificate was invalid because Montgomery County did not notify him that a tax

certificate on the Laura Avenue property would be offered for sale, as required by R.C. 5721.31(B).

{¶ 8} Pursuant to Civ.R. 56(C), summary judgment is proper when (1) there is no genuine issue as to any material fact, (2) the moving party is entitled to judgment as a matter of law, and (3) reasonable minds, after construing the evidence most strongly in favor of the nonmoving party, can only conclude adversely to that party. *Zivich v. Mentor Soccer Club, Inc.*, 82 Ohio St.3d 367, 369-370, 696 N.E.2d 201 (1998). The moving party carries the initial burden of affirmatively demonstrating that no genuine issue of material fact remains to be litigated. *Mitseff v. Wheeler*, 38 Ohio St.3d 112, 115, 526 N.E.2d 798 (1988).

{¶ 9} Once the moving party satisfies its burden, the nonmoving party may not rest upon the mere allegations or denials of the party's pleadings. *Dresher* at 293; Civ.R. 56(E). Rather, the burden then shifts to the nonmoving party to respond, with affidavits or as otherwise permitted by Civ.R. 56, setting forth specific facts that show that there is a genuine issue of material fact for trial. *Id.* Throughout, the evidence must be construed in favor of the nonmoving party. *Id.*

{¶ 10} We review the trial court's ruling on a motion for summary judgment de novo. *Schroeder v. Henness*, 2d Dist. Miami No. 2012-CA-18, 2013-Ohio-2767, ¶ 42. De novo review means that this court uses the same standard that the trial court should have used, and we examine all the Civ.R. 56 evidence, without deference to the trial court, to determine whether, as a matter of law, no genuine issues exist for trial. *Ward v. Bond*, 2d Dist. Champaign No. 2015-CA-2, 2015-Ohio-4297, ¶ 8.

{¶ 11} "Ohio's tax certificate legislation, R.C. 5721.30 through 5721.43, allows a county government to sell tax certificates to private investors. A tax certificate entitles the certificate holder to the first lien on the real property. A property owner can redeem the certificate and remove the lien by paying the certificate holder the purchase price plus interest, penalties, and costs. If the property owner fails to redeem the certificates, the tax certificate holder may initiate foreclosure proceedings on the real property after complying with certain statutory requirements." (Citations omitted.) *Woods Cove II, L.L.C. v. Am. Guaranteed Mgt. Co., L.L.C.*, 8th Dist. Cuyahoga No. 103652, 2016-Ohio-3177, ¶ 2. *See also Ankenman v. Rhea Academy, Inc.*, 2d Dist. Montgomery No. 25296, 2013-Ohio-296, ¶ 10-11.

{¶ 12} In this case, FIG 20 submitted documentary evidence showing (1) the purchase of the tax lien by FIG 20 and the amounts due, (2) the statutory notice of intent to foreclose, (3) that He was the owner of the Laura Avenue property, and (4) that the tax certificate had not been redeemed. The tax certificate was presumptive evidence of the amount and validity of the taxes, assessments, charges, penalties by the court and added to such principal amount, and interest appearing due and unpaid and of their nonpayment. R.C. 5721.37(F). FIG 20's evidence demonstrated its entitlement to summary judgment on its complaint for foreclosure. *See Tax Ease Ohio, LLC v. Blankenship*, 2d Dist. Montgomery No. 27168, 2017-Ohio-2786, ¶ 13.

{¶ 13} In responding to FIG 20's summary judgment motion, He asserted that he did not owe any taxes on the Laura Avenue property, and he provided a printout of the tax payments that were made. However, he did not offer any evidence of the amounts

owed for each tax year, and there was no evidence to support his unsworn contention that he had paid in full. To the contrary, the payment history indicated that no tax payments were made between June 18, 2014, and May 2, 2016, and nothing in the record showed that he fully satisfied his tax obligation. In short, He failed to demonstrate the existence of a genuine issue of material fact concerning the amounts due.

{¶ 14} He attached three additional exhibits to his reply appellate brief. However, in reviewing the trial court's judgment, we are limited to the record before the trial court. *E.g., Bank of Am., N.A. v. Shailer*, 2d Dist. Montgomery No. 29036, 2021-Ohio-3939, ¶ 14. "An exhibit merely appended to an appellate brief is not part of the record, and we may not consider it in determining the appeal." *Williams v. Pioneer Credit Recovery, Inc.*, 2d Dist. Montgomery No. 28524, 2020-Ohio-397, ¶ 16, quoting *State v. Grant*, 10th Dist. Franklin No. 12AP-650, 2013-Ohio-2981, ¶ 12. Accordingly, we cannot consider He's new exhibits in resolving this appeal.

{¶ 15} He asserts that FIG 20's tax certificate was invalid due to lack of notice regarding the tax certificate sale. However, He did not make that argument before the trial court. We have held that if the nonmoving party fails to raise an issue when responding to the moving party's motion for summary judgment, the nonmoving party has waived that issue on appeal. *Budz v. Somerfield*, 2d Dist. Montgomery No. 29550, 2023-Ohio-155, ¶ 31. Moreover, He offered no evidence to support his contention. Accordingly, he failed to demonstrate that a genuine issue of material fact exists as to the validity of the tax certificate.

### III. Conclusion

**{¶ 16}** The trial court's judgment will be affirmed.

. . . . . . . . . . . . .


TUCKER, J. and LEWIS, J., concur.