[Cite as *Prestige Fin. Servs., Inc. v. Baldwin*, 2025-Ohio-1395.]

IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
MIAMI COUNTY

PRESTIGE FINANCIAL SERVICES, INC. :

    Appellee :

v. :

LATASHI A. BALDWIN :

    Appellant :

: C.A. No. 2024-CA-30
:
: Trial Court Case No. 17 CV 00334
:
: (Civil Appeal from Common Pleas Court)

. . . . . . . . . . .

O P I N I O N

Rendered on April 18, 2025

. . . . . . . . . . .

LATASHI A. BALDWIN, Pro Se Appellant

JOHN E. JOSEPH, Attorney for Appellee

. . . . . . . . . . . .

EPLEY, P.J.

{¶ 1} Defendant-Appellant Latashi A. Baldwin appeals from a judgment of the Miami County Court of Common Pleas that granted a default judgment to Plaintiff-Appellee Prestige Financial Services, Inc. in this collection matter. Although the default judgment was granted six years prior, the judgment entry did not include Civ.R. 58(B)

language, and thus this appeal is timely. For the reasons that follow, the judgment of the trial court will be affirmed.

## I.     Facts and Procedural History

**{¶ 2}** In February 2015, Baldwin entered into a retail installment contract with Joseph T of D Co. for the purchase of a 2012 Toyota XD. Baldwin agreed to pay $359.98 per month for 72 months beginning in March 2015. She defaulted on the terms and conditions of the contract by failing to make her monthly payments, and in October 2017, Prestige filed its complaint. At that time, Baldwin owed $16,797.46 plus interest and fees.

**{¶ 3}** According to the record, service on Baldwin was first attempted by certified mail but was unsuccessful. Service was then completed by regular mail.

**{¶ 4}** After not getting a response from Baldwin, Prestige demanded that the vehicle be surrendered. Again, it got no response from Baldwin. In January 2018, Prestige moved for default judgment. The trial court granted the default judgment, and garnishment proceedings began in April 2018. The court received garnishment deposits from Baldwin's employer in March, April, and May 2020. After Baldwin went through bankruptcy proceedings, garnishment proceedings began again in September 2024.

**{¶ 5}** In November 2024, Baldwin filed a notice of appeal claiming that the trial court had lacked personal jurisdiction because she had not been properly served.

## II.     Service of Process and Jurisdiction

**{¶ 6}** In her lone assignment of error, Baldwin argues that she "was not personally served or otherwise notified" that there was a lawsuit pending against her and therefore the trial court did not have personal jurisdiction over her. We disagree.

**{¶ 7}** A court can obtain personal jurisdiction over a party through service of process pursuant to the Civil Rules, voluntary appearance, or waiver. *In re S.A.*, 2013-Ohio-3047, ¶ 10 (2d Dist.). Without personal jurisdiction, though, a court is without authority to render judgment against a party to an action. *Id.*

**{¶ 8}** Civ.R. 4.1 details the types of service permitted in Ohio courts. Civ.R. 4.1(A)(1)(a) allows the clerk to serve process by United States certified mail with return receipt requested. The delivering postal employee is to "show to whom delivered, date of delivery, and address where delivered." *Id.* If the certified mail is unclaimed, the serving party may then request ordinary mail service. Civ.R. 4.6(D). "[S]ervice by ordinary mail is deemed complete when (1) the clerk enters the fact of mailing upon the record, and (2) the ordinary mail envelope is not returned to the court with an endorsement showing failure of delivery." *Kirner & Boldt Co., L.P.A. v. Alman*, 2020-Ohio-1505, ¶ 6 (8th Dist.).

**{¶ 9}** In this case, the record shows that on August 8, 2017, Prestige attempted to serve Baldwin by the Miami County Sheriff and by certified mail; those attempts were unsuccessful (the certified mail was unclaimed). The next attempt at service was August 20, 2017, this time by regular U.S. mail. The clerk's "certificate of mailing," filed August 23, did not indicate that the service by mail was returned, and according to the caselaw, we must presume that Baldwin was successfully served. *See Carter-Jones Lumber Co. v. Meyers*, 2006-Ohio-5380, ¶ 11 (2d Dist.) ("In those instances where the plaintiff follows the Civil Rules governing service of process, courts presume that service is proper unless the defendant rebuts this presumption with sufficient evidence of non-service.").

**{¶ 10}** To challenge the presumption that she was served, Baldwin has attached

to her appellate brief a document which is purportedly a "new service order issued by the City of Troy Water department." This document, she claims, proves that she was not a resident of the address that was served. Even if it is what Baldwin suggests, we cannot consider it because the rebuttal of service had to be done in the trial court. "[W]hen a party claims a trial court lacked personal jurisdiction over them due to improper service of process, the appropriate method to challenge such void judgment is through a common law motion to vacate." *Chuang Dev., L.L.C. v. Raina*, 2017-Ohio-3000, ¶ 29 (10th Dist.); *James v. Top of the Hill Renovations*, 2016-Ohio-1190, ¶ 9 (10th Dist.) ("A common law motion to vacate is utilized to set aside a judgment rendered by a court that has not acquired personal jurisdiction over the defendant.").

**{¶ 11}** It is important that a party challenging service presents evidence of improper or non-service in the trial court because a court of appeals is limited to the record before it. *Edwards v. Galluzo*, 2024-Ohio-2005, ¶ 31 (2d Dist.). That means an appellant may not present new evidence on appeal. *Hackworth v. Charlton*, 1994 WL 590651, *2 (2d Dist. Oct. 26, 1994). *See also Mangan v. Morocho and Garcia Constr. LLC*, 2024-Ohio-2241, ¶ 13 (10th Dist.) ("We are limited to the record before us, which contains no evidence to support the assertion in [the party's] brief on appeal that he did not receive the certified mail containing the summons and complaint.").

**{¶ 12}** With the record before us, we must conclude that service was proper. Accordingly, the trial court did not err when it granted the default judgment in favor of Prestige. The assignment of error is overruled.

**III.    Conclusion**

{¶ 13} The judgment of the trial court will be affirmed.

. . . . . . . . . . . . .


HUFFMAN, J. and HANSEMAN, J., concur.