[Cite as *FIG 20, L.L.C. v. Daczko*, 2026-Ohio-602.]

# IN THE COURT OF APPEALS OF OHIO
## ELEVENTH APPELLATE DISTRICT
## PORTAGE COUNTY

FIG 20, L.L.C. FBO SEC PTY,

      Plaintiff-Appellee,

  - vs -

RHONDA DACZKO, et al.,

      Defendant-Appellant.

**CASE NO. 2025-P-0049**

Civil Appeal from the
Court of Common Pleas

Trial Court No. 2024 CV 00720

---

## OPINION AND JUDGMENT ENTRY

Decided: February 23, 2026
Judgment:  Affirmed

---

*Eric T. Deighton*, Ulrich, Sassano, Deighton, Delaney & Higgins Co., L.P.A., 4834 Richmond Road, Suite 201, Cleveland, OH 44128 (For Plaintiff-Appellee).

*William G. Simon*, Sicuro and Simon, 213 South Chestnut Street, Ravenna, OH 44266 (For Defendant-Appellant).

SCOTT LYNCH, J.

{¶1}     Defendant-appellant, Rhonda Daczko, appeals from the judgment of the Portage County Court of Common Pleas, granting summary judgment in favor of plaintiff-appellee, FIG 20, L.L.C.  For the following reasons, we affirm the judgment of the lower court.

{¶2}     On September 13, 2024, FIG filed a complaint in foreclosure against Daczko, contending that, as the owner and holder of a tax certificate on property in which Daczko had an interest, FIG is vested with the first lien against the property.  FIG asserted the certificate purchase price plus interest, as well as attorney fees and costs, were owed.

{¶3} FIG filed a motion for summary judgment on December 24, 2024. It argued that it had established FIG is the holder of a tax certificate that remained due and outstanding. Attached was the affidavit of Nate Eichholz, the authorized signatory of FIG, who indicated FIG was owed $1,593.72 plus interest under the tax certificate and reasonable attorney fees in the amount of $2,250. On February 3, 2025, the trial court granted the motion. Daczko moved to set aside the judgment, which the trial court granted.

{¶4} Daczko filed a response to the summary judgment motion on June 12, 2025. She noted that FIG's "reply to Defendant's First set of Requests for Production of Documents received on February 4, 2025 contained objections to each request as being incapable for response in its present form as being vague [and] ambiguous." She argued that "[m]issing among the information requested were copies of correspondence between the Treasurer and Plaintiff" to demonstrate "whether the Treasurer ever furnished Defendant and/or her daughter with notice of the sale of the tax certificate." She asserted such notice was required to institute the present proceedings. She further argued that "the case in its present state does not offer viable information upon which redemption of the lien could be made" and that "until decisions are made concerning the integrity of responses to Defendant's . . . written discovery requests this case is not ripe for consideration of Plaintiff's Motion for Summary Judgment."

{¶5} The trial court issued a judgment entry granting summary judgment on June 25, 2025, finding no genuine issue of material fact and that FIG was entitled to judgment as a matter of law. It found that FIG was owed $1,593.72 as of May 2022, with subsequent interest, as well as attorney's fees in the amount of $2,250.00, and ordered

foreclosure of the property.

{¶6} Daczko timely appeals and raises the following assignment of error:

{¶7} "The trial court erred in ruling that appellee[']s motion for summary judgment was a proper avenue to final judgment in this case due to outstanding discovery issues."

**Completion of Discovery Prior to Grant of Summary Judgment**

{¶8} Daczko argues that the trial court's summary judgment ruling "is premature because discovery has not been completed." She cites Civ.R. 56(F) for the proposition that a party can seek deferral of action on a motion for summary judgment to conduct discovery.

{¶9} Pursuant to Civil Rule 56(C), summary judgment is proper when (1) the evidence shows "that there is no genuine issue as to any material fact" to be litigated, (2) "the moving party is entitled to judgment as a matter of law," and (3) "it appears from the evidence . . . that reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made, that party being entitled to have the evidence . . . construed most strongly in the party's favor." A trial court's decision to grant summary judgment is reviewed by an appellate court under a de novo standard, i.e., an "independent review of the evidence before the trial court without deference to the trial court's decision." *Peer v. Sayers*, 2011-Ohio-5439, ¶ 27 (11th Dist.); *Grafton v. Ohio Edison Co.*, 77 Ohio St.3d 102, 105 (1996).

{¶10} Further, "[i]n the regulation of discovery, the trial court has discretionary power and its decisions will not be overturned absent an abuse of that discretion." *Armstrong v. Marusic*, 2004-Ohio-2594, ¶ 17 (11th Dist.), citing *Mauzy v. Kelly Servs., Inc.*, 75 Ohio St.3d 578, 592 (1996). An abuse of discretion is the trial court's "'failure to

Case No. 2025-P-0049

exercise sound, reasonable, and legal decision-making.'" *State v. Beechler*, 2010-Ohio-1900, ¶ 62 (2d Dist.), quoting *Black's Law Dictionary* (8th Ed. 2004).

{¶11} FIG moved for summary judgment on December 24, 2024, over three months after it filed its complaint. Civ.R. 56(A) provides that parties may file summary judgment motions "at any time after the expiration of the time permitted under these rules for a responsive motion or pleading by the adverse party." Ohio courts have held: "Civ.R. 56 does not mandate that full discovery be completed before a motion for summary judgment may be granted" and "[p]ending discovery does not prevent the trial court from granting summary judgment, absent an express request for a specific delay to answer the summary judgment motion." *Kristian v. Youngstown Orthopedic Assoc., Inc.*, 2004-Ohio-7064, ¶ 14 (7th Dist.); *LexisNexis, a Division of RELX, Inc. v. Moreau-Davila*, 2017-Ohio-6998, ¶ 48 (2d Dist.).

{¶12} "When a party opposing a summary judgment motion needs further evidence to sustain its case, the proper remedy is to move the trial court to delay judgment pursuant to Civ.R. 56(F)." *Drake Constr. Co. v. Kemper House Mentor, Inc.*, 2007-Ohio-120, ¶ 26 (11th Dist.); *Reigles v. Urban*, 2010-Ohio-4427, ¶ 12 (11th Dist.) ("Civ.R. 56(F) permits 'a party the opportunity to request additional time to obtain, through discovery, the facts necessary to adequately oppose a motion for summary judgment'") (citation omitted). Civ.R. 56(F) states: "Should it appear from the affidavits of a party opposing the motion for summary judgment that the party cannot for sufficient reasons stated present by affidavit facts essential to justify the party's opposition, the court may refuse the application for judgment or may order a continuance to permit affidavits to be obtained or discovery to be had." When determining whether additional time to gather

Case No. 2025-P-0049

evidence under Civ.R. 56(F) is appropriate, "the trial court should, as a general rule, exercise its discretion in favor of the nonmoving party to give him more time to discover facts necessary to rebut the motion for summary judgment." (Citation omitted.) *Able/S.S., Inc. v. KM & E Servs., Inc.*, 2002-Ohio-6470, ¶ 118 (11th Dist.).

{¶13} Daczko did not file a separate Civ.R. 56(F) motion or reference that rule in her reply to the summary judgment motion. However, the reply contained several statements alleging inadequacy of discovery, including that FIG's discovery responses were "vague," "the case in its present state does not offer viable information upon which redemption of the lien could be made," and "until decisions are made concerning the integrity of responses to Defendant's . . . written discovery requests this case is not ripe for consideration." These can be construed as a request for additional time under Civ.R. 56(F). The trial court's failure to rule on such request "had the effect of denying the request." *Wells Fargo Bank, N.A. v. Shingara*, 2007-Ohio-6154, ¶ 11 (11th Dist.).

{¶14} In *Tucker v. Webb Corp.*, 4 Ohio St.3d 121 (1983), the Ohio Supreme Court found that although appellant did not cite Civ.R. 56(F), the court should have given him additional time when "he did in effect ask the trial court for more discovery in attempting to justify his opposition to [appellee's] motion for summary judgment" by stating that the motion was filed "prior to the institution of any substantial discovery . . . which would determine certain issues present in the case." *Id.* at 122. This court has noted that a request for a delayed ruling due to discovery issues is sufficiently raised when it is contained in a brief in opposition to summary judgment rather than a separate motion. *Drake* at ¶ 30.

{¶15} Nonethless, this court has held that a "party seeking a Civ.R. 56(F)

continuance must support the motion by affidavits, and if such affidavits are not presented the court is free to rule on the motion for summary judgment." (Citation omitted.) *Wells Fargo* at ¶ 12; *Navy Fed. Credit Union v. Studmire*, 2021-Ohio-1990, ¶ 9 (11th Dist.) (an affidavit "is a necessary element of a motion for a continuance to extend discovery under" Civ.R. 56(F)). Where a party fails to provide an affidavit justifying how the need for additional discovery prevented the party from opposing the summary judgment motion, the trial court's denial of additional time is not an abuse of discretion. *LG Mayfield LLC v. United States Liab. Ins. Group*, 2017-Ohio-1203, ¶ 29-31 (11th Dist.). Daczko's failure to include an affidavit justified the trial court's denial pursuant to Civ.R. 56(F).

**Notice of Sale of Tax Certificate**

{¶16} Daczko also asserts that there was an absence of proof before the trial court to support its grant of summary judgment. In other words, reasonable minds could not have come to only the conclusion that FIG was entitled to judgment. Even if she failed to comply with Civ.R. 56(F), Daczko questions "whether the trial court had sufficient evidence before it in order to make a just and proper decision." *Tucker* at 122 ("'Rule 56 should be cautiously invoked to the end that parties may always be afforded a trial where there is a bona fide dispute of facts between them'") (citation omitted); *see Moore v. Trumbull Mem. Hosp.*, 2016-Ohio-1366, ¶ 38 (11th Dist.) (Cannon, J., concurring). Specifically, Daczko contends that "[t]here is nothing offered by Appellee which indicates compliance with Ohio R.C. Section 5721.31(B)(1) and (2)," i.e., that "the treasurer sen[t] [sale] notices to ownership interests in the property."

{¶17} R.C. 5721.31(B)(1) and (2) provide that when tax certificates "are to be sold" under R.C. 5721.32 and 33, the county treasurer "shall send written notice" to the owner

of record. R.C. 5721.32 and .33 provide for sale of tax certificates by auction or negotiated sale. R.C. 5721.33(K) also indicates that, after selling tax certificates, "the county treasurer shall send written notice to the owner of the certificate parcel" informing them of the sale of the tax certificate and providing options to redeem the parcel. "Upon the sale and delivery of a tax certificate, the tax certificate vests in the certificate holder the first lien previously held by the state and its taxing districts . . . for the amount of taxes, assessments, interest, and penalty charged against a certificate parcel, superior to all other liens and encumbrances." R.C. 5721.35(A).

{¶18} FIG cites *Antonious v. Selvaggio*, 2022-Ohio-4056 (11th Dist.), for the proposition that this court has rejected any requirement to prove the treasurer sent notices in order to seek enforcement of a lien. In *Antonious*, this court addressed the appellant's argument that the trial court erred in granting summary judgment because there were genuine issues of material fact regarding whether the tax certificates were void "because the county treasurer did not send him written notice of their sale pursuant to R.C. 5721.33(K)." *Id.* at ¶ 15. This court provided several grounds under which evidence of "the county treasurer's compliance with R.C. 5721.33(K) was not an issue of 'material fact' precluding summary judgment" since failure to comply with that provision did not invalidate the tax certificates. *Id.* at ¶ 27. It found that notice was not a condition precedent to a valid tax certificate sale; the property owner may exercise redemption rights regardless of whether it received notice of the ability to do so and that the notice did not provide any additional rights; and there was no statutory language or case law to support the position that failure to give notice invalidated the tax lien. *Id.* at ¶ 28-31. Further, as noted above, the right to the lien vests in the purchaser "[u]pon the sale and

Case No. 2025-P-0049

delivery of a tax certificate." (Citation omitted.) *Id.* at ¶ 23.

{¶19} The analysis in *Antonious* relates to notice after the sale pursuant to R.C. 5721.33(K) rather than notice by the treasurer prior to the sale as raised by Daczko under R.C. 5721.31(B)(1) and (2). Nonetheless, we similarly note here that Daczko cites no legal authority for the proposition that the failure to prove that the treasurer gave notice of the tax certificate sale invalidates the certificate or precludes the purchaser from proceeding to collect on the debt. The statute does not contain such a statement of law. Further, in *Antonious*, this court held that, "[t]o demonstrate its entitlement to summary judgment," a plaintiff foreclosing a tax certificate must demonstrate: "(1) the purchase of the tax liens, (2) the amounts due, (3) the statutory notice of intent to foreclose, and (4) documents indicating that [the defendant] is the owner of the . . . property." *Antonious* at ¶ 17. This requirement does not mention the need to demonstrate that the treasurer sent notice of the sale of a tax certificate.

{¶20} The only authority of which this court is aware referencing the treasurer's failure to provide notice of sale of the certificate under R.C. 5721.31(B) is *FIG 20, LLC FBO SEC PTY v. He*, 2024-Ohio-754 (2d Dist.). Therein, the defendant argued that the tax certificate was invalid because he was not notified the property would be offered for sale. The court found that this argument was waived on appeal due to failure to raise it below. *Id.* at ¶ 15. It also noted, however, that "He offered no evidence to support his contention [and] failed to demonstrate that a genuine issue of material fact exists as to the validity of the tax certificate." *Id.* We observe that Daczko filed no affidavit alleging that such notice was not sent or received. In the absence of authority to the contrary, we decline to hold that lack of evidence that the treasurer provided notice of the sale

Case No. 2025-P-0049

precludes a grant of summary judgment where the certificate is shown to be validly held by the plaintiff.

{¶21} Finally, while Daczko took issue with the quality of FIG's discovery responses, whether the treasurer gave notice would be an issue more properly directed at the treasurer. *See Antonious* at ¶ 26 ("[t]he parties dispute whether the county treasurer complied with R.C. 5721.33(K), although neither party issued discovery to the county treasurer"). It is difficult to say FIG failed to comply with discovery requests where it was not the party in the best position to demonstrate what actions were taken by the treasurer.

{¶22} The sole assignment of error is without merit.

{¶23} For the foregoing reasons, the judgment of the Portage County Court of Common Pleas is affirmed. Costs to be taxed against appellant.


JOHN J. EKLUND, J.,

EUGENE A. LUCCI, J.,

concur.

Case No. 2025-P-0049

# JUDGMENT ENTRY

For the reasons stated in the Opinion of this court, the assignment of error is without merit. The order of this court is that the judgment of the Portage County Court of Common Pleas is affirmed.

Costs to be taxed against appellant.

_____
JUDGE SCOTT LYNCH


_____
JUDGE JOHN J. EKLUND,
concurs


_____
JUDGE EUGENE A. LUCCI,
concurs

**THIS DOCUMENT CONSTITUTES A FINAL JUDGMENT ENTRY**

A certified copy of this opinion and judgment entry shall constitute the mandate pursuant to Rule 27 of the Ohio Rules of Appellate Procedure.

Case No. 2025-P-0049