[Cite as *McManus v. Foster*, 2026-Ohio-671.]

IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
MONTGOMERY COUNTY

| | | |
|---|---|---|
| JOHN MCMANUS,<br>AS TREASURER OF MONTGOMERY<br>COUNTY, OHIO | : <br> : <br> : | C.A. No. 30591 |
| | : | Trial Court Case No. 2025 CV 1933 |
| Appellees | : | |
| | : | (Civil Appeal from Common Pleas |
| v. | : | Court) |
| | : | |
| IRVIN P. FOSTER, ET AL. | : | **FINAL JUDGMENT ENTRY &** |
| | : | **OPINION** |
| Appellant | | |

. . . . . . . . . . .

Pursuant to the opinion of this court rendered on February 27, 2026, the judgment of the trial court is affirmed.

Costs to be paid as stated in App.R. 24.

Pursuant to Ohio App.R. 30(A), the clerk of the court of appeals shall immediately serve notice of this judgment upon all parties and make a note in the docket of the service. Additionally, pursuant to App.R. 27, the clerk of the court of appeals shall send a certified copy of this judgment, which constitutes a mandate, to the clerk of the trial court and note the service on the appellate docket.

For the court,

CHRISTOPHER B. EPLEY, JUDGE

LEWIS, P.J., and HUFFMAN, J., concur.

QUINN RYAN FOSTER, Appellant, Pro Se
ANDREW T. FRENCH, Attorney for Appellee Montgomery County Treasurer John McManus

EPLEY, J.

{¶ 1} Quinn Ryan Foster, aka Hashim Ali Jabar ("Jabar"), pro se, appeals from a default judgment in favor of Montgomery County Treasurer John McManus on the treasurer's tax foreclosure claim regarding the property located at 2426 Jerome Avenue in Dayton. For the following reasons, the trial court's judgment is affirmed.

## I.  Facts and Procedural History

{¶ 2} Thelma Foster formerly owned the property located at 2426 Jerome Avenue. On February 14, 2004, she conveyed a life estate to Irvin Foster with remainder interests to four individuals, including Jabar. The deed was recorded in May 2004. After the change of ownership, one tax payment was made in 2007.

{¶ 3} On March 28, 2025, McManus, in his official capacity as the county treasurer, filed a complaint for foreclosure of delinquent real estate taxes against Irvin Foster, the four remaindermen, and various unknown individuals, alleging that the residential property located at 2426 Jerome Avenue had delinquent taxes in the amount of $54,504.93. According to the complaint, real estate taxes for the property were certified as delinquent in August 2005, and the Montgomery County Auditor had included the property on a master tax list of delinquent tracts. The fair market value of the property was allegedly $33,120.

{¶ 4} Jabar and two other remaindermen were successfully served with the complaint and summons by certified mail in April 2025. Certified mail service on Irvin Foster, the fourth remainderman, and several unknown defendants was unsuccessful, and the trial court

2

authorized service by publication, which was completed in June 2025. None of the defendants filed an answer to the complaint. On July 15, 2025, the trial court ordered McManus to file a motion for default judgment within 14 days. McManus filed his motion for default judgment on July 30, 2025.

{¶ 5} On August 1, 2025, the trial court entered a default judgment and decree of foreclosure against Jabar and the other defendants. It stated that $54,628.93 in taxes, assessments, interest, charges, and penalties (the amount shown on Exhibit 2 to the treasurer's motion) were due and owing and that the costs of the action were estimated to be $2,000. It found that the treasurer had the first and best lien on the Jerome Avenue property in the amount of $56,628.93. The court ordered the property sold for an amount not less than $35,120.

{¶ 6} The judgment was served on Jabar and the two remaindermen who had been served with the complaint by certified mail. Jabar sought a stay of the sheriff's sale pending appeal. The trial court granted the motion.

{¶ 7} Jabar appeals from the trial court's default judgment and decree of foreclosure, raising six assignments of error. McManus did not file an appellee's brief.

## II. Analysis

{¶ 8} Jabar's assignments of error state:

1. The trial court erred by exercising jurisdiction over property protected by ecclesiastical and treaty law, in violation of Article VI of the United States Constitution (Supremacy Clause), which establishes treaties as the supreme law of the land.

2. The trial court erred by granting foreclosure without considering unrefuted affidavits from Case No. 2020 BR 00024, which establish that 2426 Jerome

3

Avenue functions as a family temple, school and burial site, violating the First Amendment.

3. The trial court erred by disregarding evidence that the property contains a nine-foot Obelisk/Tekken, a sacred religious landmark visibly seen from the street, violating both constitutional protections and Ohio law.

4. The trial court erred by failing to apply Ohio Revised Code § 5709.07, which exempts property used exclusively for public worship and religious instruction from taxation.

5. The trial court erred by denying Appellant adequate time and opportunity to respond, violating the Fourteenth Amendment's Due Process Clause.

6. The trial court erred by authorizing the removal or sale of a religious site in contravention of biblical law (Proverbs 22:28; Proverbs 23:10; Deuteronomy 19:14; Deuteronomy 27:17).

{¶ 9} In his appellate brief, Jabar claims that the property located at 2426 Jerome Avenue is a religious site, which "serves as a family temple, religious and educational center, and indigenous burial site under the Priesthood of Rev. Dr. Isaiah Henri Harrison Moore and Elizabeth B. Ervin (est. 1880)." He indicates that the property includes a nine-foot obelisk that marks the boundary of the sacred site. In essence, Jabar asserts that the real estate, as religious property, was not subject to taxation and, therefore, the trial court erred in granting a tax foreclosure due to nonpayment of taxes.

{¶ 10} Jabar attached numerous exhibits to his appellate brief. They include: (1) an unsigned and unnotarized purported "affidavit of fact" regarding the religious use of the property; (2) the 2004 deed creating the life estate and remainder interests; (3) a document that appears to appoint Jabar as Irvin Foster's attorney-in-fact; (4) a certificate that Jabar

4

has been ordained as a minister by the Moorish Temple of New Kemit; (5) a document signed by Jabar declaring himself the custodian of records for the Bishop John Jamison Moor Zion Family Library; (6) a certificate from the commonwealth of Pennsylvania that the Zion Church of the Evangelical Association was registered as a non-profit entity; (7) a certificate from the Ohio secretary of state showing the filing of an unincorporated nonprofit association agent appointment by the Zion Church of the Evangelical Association; (8) a Maryland death certification for Irvin Foster, indicating that he died on September 5, 2021; (9) a Tennessee order showing the change of Quinn Ryan Foster's legal name to Hashim Ali Jabar; (10) a handwritten three-generation ancestor chart for Jabar; (11) a written statement about Irvin Foster; (12) a handwritten diagram of the 4246 Jerome Avenue property; (13) another ancestor chart for Jabar; (14) a photograph of a couple; (15) a purported indigenous Moor baptismal record for Jabar; (16) a copy of an August 12, 2025 letter from Jabar to the Montgomery County commissioners about the Jerome Avenue property; (17) a portion of a motion for a temporary restraining order and preliminary injunction for this case (there is no signature page nor any indication it was filed in the trial court); (18) a copy of a 1787 Treaty of Peace and Friendship between Morocco and the United States; and (19) purported Moorish American travel documents for Jabar.

{¶ 11} Jabar did not file an answer or any other response to the treasurer's complaint. He did not present any legal arguments to the trial court regarding the treasurer's right to foreclose on the Jerome Avenue property due to nonpayment of property taxes, and none of the exhibits attached to Jabar's appellate brief were presented to the trial court.

{¶ 12} "Parties may not raise any new issues or legal theories for the first time on appeal that were not raised in the lower court." *Edwards v. Galluzzo*, 2024-Ohio-2005, ¶ 22 (2d Dist.), citing *Independence v. Office of the Cuyahoga Cty. Executive*, 2014-Ohio-4650,

5

¶ 30.   Issues or arguments that are not raised in the trial court are deemed forfeited or waived for purposes of appeal.   *State ex rel. Internatl. Assn. of Fire Fighters, Local 1536, AFL-CIO v. Sakacs*, 2023-Ohio-2976, ¶ 23; *see, e.g.*, *Bank of Am., N.A. v. Thompson*, 2015-Ohio-456, ¶ 19 (2d Dist.) (homeowner's grounds for challenging summary judgment in foreclosure action "are waived, and may not be raised for the first time on appeal," when not previously raised in the trial court); *State v. Shutway*, 2015-Ohio-2432, ¶ 18 (2d Dist.) (issues not raised in the trial court were waived for purposes of appeal).

{¶ 13} Because Jabar did not respond to the complaint in any fashion, he cannot raise on appeal that the Jerome Avenue property constituted religious property or that the tax foreclosure was barred under the federal constitution, a treaty, Ohio law, or any other authority.   Jabar's first, fourth, and sixth assignments of error are overruled.

{¶ 14} We also cannot consider the evidence attached to Jabar's appellate brief.   In reviewing the trial court's judgment, we are limited to the record before the trial court.   *E.g., Bank of Am., N.A. v. Shailer*, 2021-Ohio-3939, ¶ 14 (2d Dist.).   An appellant may not present new evidence on appeal.   *Prestige Fin. Servs., Inc. v. Baldwin*, 2025-Ohio-1395, ¶ 11 (2d Dist.).   "'An exhibit merely appended to an appellate brief is not part of the record, and we may not consider it in determining the appeal.'"   *Williams v. Pioneer Credit Recovery, Inc.*, 2020-Ohio-397, ¶ 16 (2d Dist.), quoting *State v. Grant*, 2013-Ohio-2981, ¶ 12 (10th Dist.).

{¶ 15} In this case, none of the evidence upon which Jabar relies was provided to the trial court.   Accordingly, the trial court did not err in entering a judgment and decree of foreclosure without considering his evidence.   Jabar's second and third assignments of error are overruled.

{¶ 16} Finally, Jabar claims that he was not given adequate time to respond, in violation of his due process rights.   Under Civ.R. 12(A)(1), a defendant generally has 28 days after service of the summons and complaint to file an answer.   In the answer, the defendant must "state in short and plain terms" the defendant's defenses to the plaintiff's claims and either admit or deny the averments upon which the plaintiff relied.   *See* Civ.R. 8(B).   If the defendant lacks knowledge or information sufficient to form a belief as to the truth of an averment, the defendant must state that fact in the answer, and the response has the effect of a denial.   *Id*.   Affirmative defenses must be raised in the answer.   Civ.R. 8(C).   Civ.R. 8(E) makes clear that "[e]ach averment of a pleading shall be simple, concise, and direct.   No technical forms of pleading or motions are required."

{¶ 17} In general, a party does not need to attach evidentiary support to a pleading. *But see* Civ.R. 10(D) (specifying the circumstances where supporting documents must be attached to the pleading).

{¶ 18} Civ.R. 12(B) enumerates seven bases for dismissal that may be raised by motion prior to filing an answer.   Before responding to a complaint, a defendant may also file a motion for definite statement or motion to strike, if appropriate.   Civ.R. 12(E) and (F).

{¶ 19} Jabar was served with the complaint and summons by certified mail on April 7, 2025, and he had 28 days to either file his answer or respond with an appropriate motion. The 28-day period provided by Civ.R. 12(A)(1) constituted an adequate period for Jabar to respond with his admissions, denials, and/or defenses to the treasurer's allegations. Moreover, the trial court did not grant a default judgment until August 1, 2025.   Until that time, Jabar could have moved for permission to file an untimely answer.   *See* Civ.R. 6(B). Jabar did not attempt that remedy.   The record does not support Jabar's claim that the trial

7

court violated his due process rights by denying him adequate time and opportunity to respond. Jabar's fifth assignment of error is overruled.

### III. Conclusion

{¶ 20} The trial court's judgment is affirmed.

. . . . . . . . . . . . .

LEWIS, P.J., and HUFFMAN, J., concur.